DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, SDG, Inc., appeals from the decision of the Wayne County Court of Common Pleas which granted the motion for preliminary and permanent injunction and civil penalties of Appellee, Ohio Department of Health Director, J. Nick Baird, M.D. We affirm.
 {¶ 2} On February 20, 2003, Appellee, filed a complaint requesting a preliminary and permanent injunction and civil penalties against Appellant. The complaint specifically alleged that Appellant was unlawfully handling and possessing radioactive material without a license in violation of R.C. 3748.06, R.C.3748.07, and R.C. 3748.15, and that Appellant failed to abide by a May 31, 2002, Emergency Adjudication Order issued by Appellee. Appellant never filed an answer to this complaint, though it did make an appearance through Dr. W. Blair Geho ("Dr. Geho"), a non-attorney, minority shareholder of Appellant.
 {¶ 3} After multiple continuances, the court held a hearing on Appellee's motion for injunction on May 6, 2003. However, no evidence was presented as the attorney general and Dr. Geho indicated that the parties were currently in the process of completing a consent decree regarding the contested matters.
 {¶ 4} On May 19, 2003, a consent decree was filed with the court, signed by Dr. Geho as "Pro Se Litigant" on behalf of Appellant. While Appellant insists that there is no evidence on the record that Dr. Geho had authority to contractually bind Appellant to the consent decree, we note that Dr. Geho signed a letter to the court requesting an extension of time as "President" of Appellant. Appellant has never argued that Dr. Geho actually lacked the authority to bind Appellant, in which case a motion to vacate might have been appropriate; rather, it only alleges that the record is devoid of evidence on this issue. This is simply incorrect. Dr. Geho, as president, would have contractual authority to sign the decree and bind Appellant to its terms.
 {¶ 5} In the decree Dr. Geho "stipulated to the accuracy of all of the allegations in [the] complaint as well as to the authenticity and admissibility of all of [Appellee's] exhibits[.]" The decree gave Appellant until September 1, 2003, to come into compliance with Ohio law and the earlier Emergency Adjudication Order, and permitted the court to render judgment in favor of Appellee if Appellant failed to comply by that date. No appeals were taken from the consent decree.
 {¶ 6} Appellee filed a motion to enforce the consent decree on September 3, 2003. After at least one continuance, apparently requested in person at the court at the behest of Dr. Geho, the court heard the matter on October 21, 2003. However, no one appeared on behalf of Appellant, and the court, therefore, issued an order granting Appellee's request for preliminary and permanent injunction and civil penalties per the consent decree. Appellant timely appealed from that judgment and raises four assignments of error for our review. For ease of discussion we will discuss all assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court erred in granting [Appellee's] motion for a preliminary injunction and motion to enforce consent decree when there was no evidence in the record to support either motion."
 ASSIGNMENT OF ERROR II
"The trial court erred in permitting a non-attorney to appear in court and represent [Appellant] corporation on legal matters."
 ASSIGNMENT OF ERROR III
"The trial court erred in granting what was effectively a default judgment against [Appellant] for failure to appear at the October 21, 2003, hearing without adequate notice to [Appellant] that such a result was possible."
 ASSIGNMENT OF ERROR IV
"The trial court erred in granting a permanent injunction, in addition to a preliminary injunction, when [Appellee's] motion sought only a preliminary injunction."
 {¶ 7} In its four assignments of error, while not specifically stated in such a manner, Appellant essentially argues that the consent decree is a nullity because:
"a judgment against a corporation, secured only through the consent of a minority shareholder who appears in court on behalf of that corporation, with the tacit consent of the judge and the express approval of [Appellee], should * * * be rendered void."
Based on its contention that the consent decree, including all accompanying stipulations as to the accuracy of facts and authenticity of exhibits, is void, Appellant further argues that (1) no evidence in the record supports the granting of a permanent injunction, (2) the court could not properly enter a permanent injunction because Appellee never requested that particular remedy, and (3) the court could not enter what amounted to a default judgment against it because Appellant had no notice of that possibility. Because, as explained below, we find that the consent decree is valid, Appellant's contentions lack merit.
 {¶ 8} It is undisputed that "[a] corporation cannot maintain litigation in propria persona, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law." Union Savings Assn. v. Home Owners Aid,Inc. (1970), 23 Ohio St.2d 60, syllabus. A non-attorney officer, therefore, may not prepare and file pleadings, maintain or manage litigation, give legal advice, or conduct other actions which amount to the practice of law on behalf of the corporation. SeeSharon Village Ltd. v. Licking Cty. Bd. of Revision,78 Ohio St.3d 479, 483, 1997-Ohio-197; Worthington City Sch. Dist. Bd.of Educ. v. Franklin Cty. Bd. of Revision, 85 Ohio St.3d 156,160, 1999-Ohio-449; Cincinnati Bar Assn. v. Estep,74 Ohio St.3d 172, 173, 1995-Ohio-258; Full Circle Realty Co. v.Donofrio (July 23, 1997), 9th Dist. No. 18152, at 2-3.
 {¶ 9} On the other hand, non-attorneys should be permitted to carry out essentially non-legal aspects of litigation which do not require the expertise and training of a lawyer to accomplish. In the case at bar, the record indicates that Dr. Geho personally carried out three limited actions in regard to the pending litigation. First, Dr. Geho, as president of Appellant, called and/or personally approached the judge at the court in order to request changes in hearing dates to accommodate scheduling conflicts; Second, Dr. Geho appeared at the extremely brief May 6, 2003, hearing for the limited purpose of informing the judge that the parties had reached an agreement. We see no reason to prevent an officer of a corporation from engaging in these very limited functions which do not require one to possess the skills and knowledge of an attorney.
 {¶ 10} Dr. Geho also signed the consent decree which was later filed with the court. He did not prepare or file the decree. He merely received the written decree, which was drafted by Appellee's counsel, reviewed and signed the decree outside of court, and forwarded it back to Appellee for filing. At no time did Dr. Geho have an attorney review the decree, though he had ample time to do so, and at no time did the court oversee the negotiation of the terms of the decree. Appellant contends that this decree must be declared void as no attorney was present to explain the implications of the decree to Dr. Geho.
 {¶ 11} A consent decree is generally treated as a settlement agreement which is sanctioned by the court. Bromley v. Hinton Keith Development, 9th Dist. No. 20730, at 3, 2002-Ohio-1249. Given the nature of the decree:
"`[a] party to a consent decree or other judgment entered by consent may not appeal unless it explicitly reserves the right to appeal. * * * [T]he consent operates as a waiver of the right to appeal. It is because the parties should not be left guessing about the finality and hence efficacy of the settlement that any reservation of a right to appeal should be explicit.'" Id., quoting Tradesmen Internatl. Inc. v. Kahoe (Mar. 16, 2000), 8th Dist. No. 74420.
Only where a party alleges irregularity or fraud in the procurement may the consent decree be attacked directly. SummaHealth Sys. v. Soinski (Aug. 18, 1999), 9th Dist. No. 18459, at 2, citing Sponseller v. Sponseller (1924), 110 Ohio St. 395,399-400.
 {¶ 12} The consent decree at bar does not reserve the right to appeal. Even if it did, the time for appeal from that decree has long since passed. Appellant's only allegations resembling fraud in the procurement or irregularity of the actual agreement involve its contentions that the consent decree is a nullity because Dr. Geho had no authority to contractually bind Appellant and was not an attorney. The consent decree, however, is a negotiated settlement, similar to any other business contract, which Dr. Geho, as president of Appellant, had authority to sign. We also can find no authority requiring that a consent decree be signed by an attorney in order to be valid. The consent decree, therefore, remains valid and binding upon Appellant.
 {¶ 13} In the consent decree, Dr. Geho stipulated to the authenticity and admissibility of all of Appellee's exhibits. The exhibits detailed multiple violations of the Emergency Adjudication Order and Ohio law. Dr. Geho also stipulated to the accuracy of all the allegations in the original complaint, including the continuing violation of Ohio law. Finally, the consent decree permitted the court to enter a very specific judgment if Appellant failed to comply with the mandates of the decree by coming into compliance with Ohio law:
"Specifically, the Court will: 1) issue a preliminary and permanent injunction enjoining [Appellant], its agents, servants, and employees, through any corporate or other device, and all persons in concert and participation with them both directly and indirectly, from possessing and/or handling radioactive material; 2) issue an Order requiring [Appellant] to fully comply with [Appellee's] May 31, 2002 Emergency Adjudication Order; 3) impose civil monetary penalties in the amount of ten Thousand Dollars ($10,000.00) per day for each day of violation after April 30, 2002; and 4) award [Appellee] reasonable attorney's fees, costs, expenses, and such other legal and equitable relief deemed appropriate by the Court."
 {¶ 14} Because we find that the consent decree is valid, the record, therefore, contains (1) an admission by Appellant as to the evidentiary basis for the preliminary and permanent injunction, (2) notice to Appellant that failure to comply with the consent order would lead to a virtual default judgment, and (3) a basis for the court to grant both a preliminary and permanent injunction against Appellant. Accordingly, we overrule Appellant's assignments of error.
 {¶ 15} We overrule Appellant's assignments of error and affirm the decision of the Wayne County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Concurs.