DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, SDG, Inc., appeals from the decision of the Wayne County Court of Common Pleas which denied its Civ.R. 60(B) motion for relief from judgment. The trial court found that this Court had "already decided the issues involved in [Appellant's 60(B)] motion," in Baird v. SDG, Inc. 9th Dist. No. 03CA0071,2004-Ohio-3705 (Baird I). Consequently, the trial court overruled Appellant's motion. We affirm.
 {¶ 2} The facts as set forth in our earlier opinion rendered on July 14, 2004, in Baird I, are as follows:
"On February 20, 2003, Appellee, [Ohio Department of Health Director, J. Nick Baird, M.D.,] filed a complaint requesting a preliminary and permanent injunction and civil penalties against Appellant. The complaint specifically alleged that Appellant was unlawfully handling and possessing radioactive material without a license in violation of R.C. 3748.06, R.C. 3748.07, and R.C.3748.15, and that Appellant failed to abide by a May 31, 2002, Emergency Adjudication Order issued by Appellee. Appellant never filed an answer to this complaint, though it did make an appearance through Dr. W. Blair Geho ("Dr. Geho"), a non-attorney, minority shareholder of Appellant.
"After multiple continuances, the court held a hearing on Appellee's motion for injunction on May 6, 2003. However, no evidence was presented as the attorney general and Dr. Geho indicated that the parties were currently in the process of completing a consent decree regarding the contested matters.
"On May 19, 2003, a consent decree was filed with the court, signed by Dr. Geho as `Pro Se Litigant' on behalf of Appellant. While Appellant insists that there is no evidence on the record that Dr. Geho had authority to contractually bind Appellant to the consent decree, we note that Dr. Geho signed a letter to the court requesting an extension of time as `President' of Appellant. Appellant has never argued that Dr. Geho actually lacked the authority to bind Appellant, in which case a motion to vacate might have been appropriate; rather, it only alleges that the record is devoid of evidence on this issue. This is simply incorrect. Dr. Geho, as president, would have contractual authority to sign the decree and bind Appellant to its terms.
"In the decree Dr. Geho `stipulated to the accuracy of all of the allegations in [the] complaint as well as to the authenticity and admissibility of all of [Appellee's] exhibits[.]' The decree gave Appellant until September 1, 2003, to come into compliance with Ohio law and the earlier Emergency Adjudication Order, and permitted the court to render judgment in favor of Appellee if Appellant failed to comply by that date. No appeals were taken from the consent decree.
"Appellee filed a motion to enforce the consent decree on September 3, 2003. After at least one continuance, apparently requested in person at the court at the behest of Dr. Geho, the court heard the matter on October 21, 2003. However, no one appeared on behalf of Appellant, and the court, therefore, issued an order granting Appellee's request for preliminary and permanent injunction and civil penalties per the consent decree." Baird, 2004-Ohio-3705, at ¶ 2-6.
 {¶ 3} Appellant appealed to this Court, asserting the following four assignment of error for our review:
"The trial court erred in granting [Appellee's] motion for a preliminary injunction and motion to enforce consent decree when there was no evidence in the record to support either motion.
"The trial court erred in permitting a non-attorney to appear in court and represent [Appellant] corporation on legal matters.
"The trial court erred in granting what was effectively a default judgment against [Appellant] for failure to appear at the October 21, 2003, hearing without adequate notice to [Appellant] that such a result was possible.
"The trial court erred in granting a permanent injunction, in addition to a preliminary injunction, when [Appellee's] motion sought only a preliminary injunction." Baird, 2004-Ohio-3705, at ¶ 6.
 {¶ 4} After considering Appellant's assignments of error, we determined that the consent decree at issue was valid, and that the record contained.
"(1) an admission by Appellant as to the evidentiary basis for the preliminary and permanent injunction, (2) notice to Appellant that failure to comply with the consent order would lead to a virtual default judgment, and (3) a basis for the court to grant both a preliminary and permanent injunction against Appellant." Id. at ¶ 14.
We therefore overruled Appellant's assignments of error and affirmed the decision of the Wayne County Court of Common Pleas granting Appellee's motion for preliminary and permanent injunctions and civil penalties, and Appellee's motion for enforcement of the consent decree.
 {¶ 5} After our July 14, 2004 opinion was released, Appellant filed a Civ.R. 60(B) motion in the trial court. Appellant asked the trial court, pursuant to Civ.R. 60(B), to relieve it from the Consent Decree entered on May 21, 2003, and further to relieve it from the "Order Granting Plaintiff's Motion for Preliminary and Permanent Injunction and Civil Penalties and Motion for Enforcement of Consent Decree filed on October 27, 2003." The trial court denied Appellant's motion, finding that this Court had "already decided the issues involved in [Appellant's 60(B)] motion." Appellant now appeals, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred when it denied [Appellant's] motion for relief pursuant to Civ.R. 60(B)."
 ASSIGNMENT OF ERROR II
"The trial court erred when it denied [Appellant's] motion for relief pursuant to Civ.R. 60(B) without conducting an evidentiary hearing when [Appellant] documented via affidavit sufficient operative facts to warrant a hearing."
 {¶ 6} Appellant's two assignments of error will be considered together as they raise similar issues. Appellant has argued that the trial court erred in denying its motion for relief from judgment. In addition, Appellant has argued that the trial court should have held an evidentiary hearing on his motion for relief from judgment. We affirm the decision of the trial court.
 {¶ 7} An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. In the case at hand, we find that Appellant's 60(B) motion was barred by the application of the doctrine of res judicata, and thus the trial court did not abuse its discretion in denying it.
 {¶ 8} Res judicata is the doctrine that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 382. Res judicata also precludes parties from relitigating issues in a subsequent action that were in issue in a previous action, even if the cause of action is different. Johnson's Island v. Bd. of Twp. Trustees
(1982), 69 Ohio St.2d 241, 244. The policy underlying the doctrine is to ultimately put an end to any given litigation.LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, 113.
 {¶ 9} As this Court has already upheld the validity of the consent decree and affirmed the trial court's decision granting Appellant's motions for injunctions and civil penalties and the order enforcing the consent decree in Baird I, we find that the issues raised in Appellant's 60(B) motion and following appeal are barred by the doctrine of res judicata. Consequently, the trial court did not err in denying Appellant's 60(B) motion without a hearing, as a hearing is not required on a Civ.R. 60(B) motion if the moving party fails to allege operative facts that would warrant relief. Cuervo v. Snell (1998),131 Ohio App.3d 560, 569. As the issues Appellant raised in its 60(B) motion for relief from judgment were barred by res judicata, the trial court was not required to conduct a hearing on the motion before denying it. Id.
 {¶ 10} Accordingly, we overrule Appellant's two assignments of error and affirm the decision of the Wayne County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Moore, J., Reece, J., concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)