OPINION
{¶ 1} Helen Pelzl appeals from the trial court's decision and entry sustaining appellee Ronald Gaines' motion to modify custody and designating him the residential parent of the parties' minor child, Meranda.
 {¶ 2} Pelzl advances three assignments of error on appeal. First, she contends the trial court erred in finding a substantial change in circumstances to support a change of custody. Second, she argues that the trial court erred in finding a change of custody to be in the best interest of Meranda. Third, she claims the trial court erred in finding the disruption caused by a change of custody to be "offset" by her move to campus housing at the University of Dayton.
 {¶ 3} The record reflects that Pelzl was fifteen years old and living at home with her parents in Yellow Springs when she gave birth to Meranda in 1999. The trial court held a custody hearing on September 14, 2000, while Pelzl was still in high school and residing with her parents. At the time of Pelzl's May, 2001, graduation, the trial court had not resolved the custody issue. On July 5, 2001, however, the trial court filed an order designating Pelzl as Meranda's residential parent and granting Gaines visitation rights. Shortly thereafter, in August, 2001, Pelzl enrolled as a full-time student at the University of Dayton and moved into campus housing. Following the move, Meranda continued to reside with Pelzl's parents, and she was placed in day care for several hours a day. Pelzl returned home to see her daughter one or two weekends a month and also spoke to Meranda on the telephone approximately once a week. She also sent Meranda e-mail, which Pelzl's mother read to the child. While Pelzl attended college, Gaines continued to see his daughter in accordance with a court-ordered visitation schedule, and he made all of his child support payments.
 {¶ 4} On April 4, 2002, Gaines filed a motion for a change of custody. The trial court dismissed the motion on June 11, 2002, at his request. Gaines then re-filed his motion for a change of custody on August 11, 2002.[1] Pelzl responded by filing a January 24, 2003, motion to terminate Gaines' visitation rights. Following a three-day hearing on the motions, the trial court filed a July 1, 2003, decision and judgment entry in which it overruled Pelzl's motion and sustained Gaines' motion. As a result, the trial court designated Gaines as Meranda's legal custodian and residential parent. This timely appeal followed. Gaines has not filed an appellate brief.
 I {¶ 5} In her first assignment of error, Pelzl contends the trial court erred in finding a substantial change in circumstances to support a change of custody. In particular, she argues that the trial court evaluated the wrong time period to find a change in circumstances. According to Pelzl, the trial court should have considered only any change in circumstances from the time Gaines dismissed his first custody motion until he filed his second such motion a short time later.
 {¶ 6} Upon review, we find the foregoing argument to be without merit. Pursuant to R.C. 3109.04(E)(1)(a), the trial court was required to base its finding of changed circumstances on "facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree." Pelzl argues that we should construe the dismissal of Gaines' first custody motion as "the prior decree" for purposes of R.C.3109.04(E)(1)(a). We disagree. See, e.g., Pathan v. Pathan
(Sept. 15, 2000), Montgomery App. No. 18254, (rejecting an argument similar to the one advanced by Pelzl). The statute's reference to the "prior decree" means the prior decree that allocated parental rights. In the present case, the trial court filed that decree on July 5, 2001, when it designated Pelzl as the residential parent. The trial court's later dismissal of Gaines' first motion for a change of custody, at his request, did not constitute a decree that allocated parental rights. As a result, we reject Pelzl's argument that the trial court considered the wrong time period when finding a change in circumstances.
 {¶ 7} In a second argument, Pelzl contends the trial court erred in finding a change in circumstances based on her move from her parents' house to a campus dormitory. In support, Pelzl argues that any reduction in her contact with Meranda was minimal. She also argues that her parents were actively involved in Meranda's care even before she left for college. In addition, Pelzl asserts that she has not abdicated her parental role, that her attendance at college had been anticipated all along, and that Meranda remains well attended at her parents' house.
 {¶ 8} After reviewing the hearing transcript, we find Pelzl's argument to be unpersuasive. A trial court may order a change of custody if it finds that there has been a change of circumstances, that the modification is in the best interest of the child, and that any harm likely to result from a change of environment is outweighed by the advantages of the change. R.C.3109.04(E)(1)(a). A trial court has broad discretion when making these determinations, and its judgment will not be reversed absent an abuse of discretion. Davis v. Flickinger (1997),77 Ohio St.3d 415.
 {¶ 9} In the present case, the trial court found a change in circumstances based on Pelzl's decision to move into campus housing and to leave her child behind with her parents. In particular, the trial court determined that Pelzl had delegated day-to-day child care responsibilities to her mother and essentially had relinquished her role as Meranda's residential parent. The trial court's factual findings support these determinations. Among other things, the trial court found that Pelzl attended college full time, including summer school, and saw Meranda at her parents' house one or two weekends a month. As a result of Pelzl attending college, the trial court also found that Gaines now has more direct contact with Meranda through his visitation than Pelzl does on her visits home.
 {¶ 10} We find no abuse of discretion in the trial court's finding of a change in circumstances based on Pelzl moving out of her parents' home and leaving her child behind essentially to be raised by her parents. With regard to Pelzl's argument that any reduction in her contact with Meranda is minimal, the record suggests otherwise. By her own admission, Pelzl spent at least several hours a day with her child before leaving for college. Despite the relatively short distance between Yellow Springs and the University of Dayton, Pelzl elected to live on campus and now sees Meranda one or two weekends a month and talks to the child on the phone approximately once a week. Although Pelzl's parents may have assisted in Meranda's care before she left for college, the fact remains that Pelzl previously resided with the child and no longer does. In addition, while Pelzl's attendance at college may have been anticipated at the time of the original decree, she cites nothing to suggest that the trial court anticipated her moving into a dormitory and leaving her child behind when it designated her the residential parent. Finally, the fact that Meranda may be receiving adequate care from Pelzl's parents has no bearing on whether the trial court properly found a change of circumstances based on Pelzl's move into campus housing.[2]
Accordingly, we overrule her first assignment of error.
 II {¶ 11} In her second assignment of error, Pelzl argues that the trial court erred in finding a change of custody to be in the best interest of Meranda. In support, she asserts that most of the "best interest" factors listed in R.C. § 3109.04(F)(1) do not favor awarding Gaines custody of Meranda.
 {¶ 12} Upon review, we find Pelzl's argument to be unpersuasive. Section 3109.04(F)(1) sets forth non-exclusive factors to help a trial court decide whether a change of custody is in the best interest of a child. Although Pelzl insists that most of the factors militate in favor of her retaining custody, the trial court did not abuse its discretion in concluding otherwise. In reality, most of the factors cited by Pelzl do not appear to weigh strongly in favor of either party. With regard to the wishes of the child's parents, Pelzl and Gaines obviously both desire to have custody of Meranda.[3] The next factor cited by Pelzl is the child's interaction with family members and others. The record reflects that Meranda interacts well with Pelzl's family and with Gaines' family. With regard to Meranda's adjustment to home, school, and her community, the record indicates that she is well adjusted to living with Pelzl's parents in Yellow Springs. We note, however, that Meranda also appears to be well adjusted to spending time at the residence Gaines shares with his wife, Shana, and her young son, Jacob. The next factor cited by Pelzl is the mental and physical health of all persons involved. Although the trial court did not make any findings on this issue in its most recent ruling, Pelzl stresses that Gaines previously was convicted of unlawful restraint against her. We note, however, that the conviction was several years ago, and it is not necessarily indicative of a present mental health problem. With regard to the next factor, the record supports the trial court's finding that Gaines is the parent most likely to facilitate visitation. Pelzl's mother has brought Meranda late for visitation several times, Pelzl does not believe that Meranda should have contact with Gaines until she is old enough to express a desire to do so, and Pelzl's mother does not believe it is important for Meranda to know both parents. The next factor, failure to make child support payments, did not apply because Gaines was current in his child support. With regard to instances of abuse and domestic violence, Pelzl again cites Gaines' prior conviction for unlawfully restraining her. Although this factor may favor Pelzl, the age of Gaines' conviction renders it somewhat less useful in assessing the best interest of the child. The next factor is willful and continual denial of court-ordered visitation. Pelzl admits that she has one prior finding of contempt against her for withholding a single visitation. On the whole, however, this factor does not appear to weigh strongly in favor of either party.
 {¶ 13} Having reviewed the foregoing factors, we cannot say that they weigh so strongly in Pelzl's favor that the trial court's change-of-custody order is an abuse of discretion. We note too that the trial court placed considerable weight on another factor not listed in the statute. In particular, the trial court found that Pelzl effectively had relinquished her role as residential parent by moving away to campus housing and that, as between Gaines and Pelzl's parents, it was in Meranda's best interest to have Gaines, her natural father, provide for her day-to-day care. The trial court also determined that Meranda would be more likely to maintain a relationship with both parents if she were in Gaines' custody. We find no abuse of discretion in these determinations. Pelzl's second assignment of error is overruled.
 III {¶ 14} In her third assignment of error, Pelzl claims the trial court erred in finding the disruption caused by a change of custody to be "offset" by her move to campus housing at the University of Dayton. In particular, she challenges the trial court's determination that "[t]he harm likely to be caused by a change of environment is outweighed by the advantages of the change in environment to the child." According to Pelzl, the trial court "utterly ignored the fact that the change in custody would greatly reduce the life-long contact Meranda has enjoyed with her maternal grandparents."
 {¶ 15} Upon review, we find no merit in Pelzl's argument. The trial court recognized the role that Meranda's grandparents played in her life. While a change of custody undoubtedly would reduce that role, it would increase the child's contact with Gaines, her biological father, and his role in her life. Given that Pelzl effectively relinquished her role as residential parent by moving and leaving her child behind, we find no abuse of discretion in the trial court's conclusion that the advantages of granting custody to Gaines outweighed the disadvantages of removing Meranda from the care of her grandparents. As a result, we overrule Pelzl's third assignment of error.
 IV {¶ 16} Having overruled Pelzl's three assignments of error, we affirm the judgment of the Greene County Common Pleas Court, Juvenile Division.
Judgment affirmed.
Fain, P.J., and Young, J., concur.
[1] The primary relief Gaines sought was to be designated Meranda's residential parent. If the trial court declined to order a change of custody, Gaines alternatively sought shared parenting or increased visitation. Given that the trial court ordered a change of custody, it had no occasion to address these alternative forms of relief.
[2] To the extent that this fact is relevant, we will consider it in our review of Pelzl's second assignment of error, which addresses whether a change of custody is in Meranda's best interest.
[3] On appeal, Pelzl reasons that this factor favors her because Gaines also moved for lesser forms of relief such as shared parenting or additional visitation. We note, however, that Gaines primarily sought custody of Meranda and only raised these other issues as alternative arguments.