OPINION
{¶ 1} Robert Birt appeals from the trial court's decision and entry overruling his motion for a change of custody of his minor daughter M.B. In his sole assignment of error, Birt contends the trial court's decision is an abuse of discretion and is against the weight of the evidence.
 {¶ 2} The record reflects that Birt and appellee Susan Hillison married in 1979. They had two children during the marriage, Natalie and Heather, both of whom now are emancipated. Birt and Hillison obtained a dissolution of their marriage in 1989. They then had a third child, M.B., who was born in 1991. Following M.B.'s birth, the Champaign County Juvenile Court awarded custody of her to Hillison. In 1996, Hillison moved to Wisconsin and took M.B. with her. Birt remained in Ohio. Sometime in 2002, Birt filed a motion seeking custody of M.B., who was twelve years old at the time. The primary basis for the motion was M.B.'s desire to live with her father. The parties appear to have resolved the motion through an agreed entry that is not part of the present record, and no change of custody was ordered.
 {¶ 3} Birt commenced the present action on April 20, 2005, seeking a change of custody of M.B., who then was fifteen years old. Once again, the primary basis for the motion was M.B.'s stated desire to live with her father. A magistrate appointed a guardian ad litem, held a hearing on the motion, and interviewed M.B. in camera. Thereafter, the magistrate filed a decision sustaining Birt's motion, awarding him custody, and designating him M.B.'s residential parent. In so doing, the magistrate applied R.C. § 3109.04(E)(1)(a) and found (1) that M.B.'s circumstances had changed since the prior decree allocating parental rights, (2) that residing with Birt would be in M.B.'s best interest, and (3) that any harm likely to be caused by the change of residential parents would be outweighed by the advantages of the change to M.B.
 {¶ 4} Hillison filed timely objections to the magistrate's decision in which she challenged each of the foregoing three conclusions. In a December 30, 2005, ruling, the trial court sustained Hillison's objection to the magistrate's finding of a change in circumstances. The trial court found no change in circumstances within the meaning of R.C. § 3109.04(E)(1)(a). As a result, it denied Birt's motion for a change of custody without addressing Hillison's objections to the magistrate's other findings. This timely appeal followed.
 {¶ 5} In his sole assignment of error, Birt contends the trial court's ruling is an abuse of discretion and is against the weight of the evidence. Although Birt's specific argument is somewhat difficult to discern, he appears to contend that a change in circumstances does exist, that the trial court should have considered M.B.'s desire to live with him, and that the factors set forth in R.C. § 3109.04(F)(1), which assist a trial court in determining the best interest of a child, support a change of custody.
 {¶ 6} Under Ohio law, a court may modify a prior decree allocating parental rights if it finds that a change in the circumstances of the child or residential parent has occurred, that modification is necessary to serve the best interest of the child, and that the harm likely to be caused by a change of environment is outweighed by the advantages to the child. See R.C. § 3109.04(E)(1)(a). For purposes of our analysis herein, we will address only the first requirement, a change in circumstances, because the trial court found it to be dispositive and did not examine the other issues. The trial court's finding that there has been no change in circumstances is reviewed for an abuse of discretion. Davis v. Flickinger (1997),77 Ohio St.3d 415, 416.
 {¶ 7} We begin our review with the language of R.C. §3109.04(E)(1)(a), which provides that a "court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, [or] his residential parent[.]"
 {¶ 8} The Ohio Supreme Court has recognized that the change in circumstances contemplated by the statute "must be a change of substance, not a slight or inconsequential change." Davis,77 Ohio St.3d at 418. "`The clear intent of the statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.'" Id., quoting Wyss v. Wyss
(1982), 3 Ohio App.3d 412, 416.
 {¶ 9} In determining whether a change in circumstances has occurred, "a trial judge must have wide latitude in considering all the evidence before him or her[.]" Id. Although a child's advancing age alone does not qualify as a change in circumstances, the aging of a child combined with other related considerations "may constitute a sufficient change of circumstances to warrant a change in custody." Id. at 420; see also Boone v. Kaser (Aug. 28, 2001), Tuscarawas App. No. 2001AP050050 ("[T]he passage of time during a significant developmental portion of a child's life, combined with other pertinent factors, such as the child's expressed desires to reside with mother, supports [a] trial court's finding of a change of circumstances, requiring further inquiry by a trial court"); Butler v. Butler (1995), 107 Ohio App.3d 633, 637
(reasoning that the passage of time during which a child progresses from infant to school age qualifies as a change in circumstances when viewed in light of other factors); Perz v.Perz (1993), 85 Ohio App.3d 374, 376-377 n. 1 (finding that a child's attainment of an age of "sufficient reasoning ability" to express his or her wishes constitutes a change in circumstances "such as would justify a further inquiry into the best interest of the child"); Butland v. Butland, Franklin (June 27, 1996), Franklin App. No. 95 APE09-1151 ("In essence, a trial court should evaluate a child's wishes and concerns regarding the allocation of parental rights and responsibilities from the standpoint of their depth, sincerity, and the extent they reflect changed circumstances within the parent-child relationship or relationship between the parties.").
 {¶ 10} We note too that a change in circumstances must be shown "based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree." R.C. § 3109.04(E)(1)(a). "The statute's reference to `the prior decree' means the prior decree that allocated parental rights."Gaines v. Pelzl, Greene App. No. 2003-CA-60, 2004-Ohio-2043, ¶ 6. Therefore, the relevant time frame for determining whether a change in circumstances exists is not the period between a non-custodial parent's prior unsuccessful motion for a change of custody and the filing of a new motion. This is so because an unsuccessful motion for a change of custody does not result in a decree that allocates parental rights. Id. As a result, when a non-custodial parent files a second or successive motion for a change of custody after previously having failed on a similar motion, the starting point for determining whether a change in circumstances exists remains the date of the decree that actually allocated parental rights. Id.; see also Pathan v. Pathan
(Sept. 15, 2000), Montgomery App. No. 18254 (holding that a mother's continuing interference with a father's visitation amounted to a change in circumstances even though the interference had been raised in connection with a prior unsuccessful motion for a change of custody).
 {¶ 11} In the present case, the magistrate found a change in circumstances, reasoning as follows:
 {¶ 12} "The Magistrate finds that the requirement of §3109.04(E)(1)(a) that a change has occurred in the circumstances of the child or his or her residential parent may occur as a result of the child's wishes dependent on the circumstances as looked upon in a case by case basis.
 {¶ 13} "In this case we have a fifteen year old young lady who is a good student and does not appear to be immature. She has consistently, over the last three years, requested that her desire to change her residence be heard and granted. In addition, there are problems with respect to the relationship between [M.B.] and her step-father.
 {¶ 14} "Based upon the foregoing findings, the Magistrate finds a sufficient change of circumstances has occurred to move to the next step of best interests of the child." (Doc. #68 at 7).
 {¶ 15} The trial court rejected the magistrate's conclusion, reasoning as follows:
 {¶ 16} "* * * The Magistrate accurately stated that a change of circumstances may occur as a result of the child's wishes while also considering all other circumstances of the case. * * *
 {¶ 17} "With respect to [the magistrate's] findings, it must be noted that the desire of [M.B.] to live with her father is not new — there is no change in her desire, only her age. After reviewing the record, the Court does not believe it establishes that the problems experienced by [M.B.] and her step-father are significant.
 {¶ 18} "Also, the record clearly indicates that [M.B.] continues to have a good relationship with her mother with whom she lives, she is doing reasonably well in school, she is actively engaged in extra-curricular activities and is fully supported in these things by her mother, albeit, in the minds of some, too much so. All of these factors have also existed for some time. There is no change here.
 {¶ 19} "The Court is consequently of the opinion that the requisite change of circumstances for a change of custody has not been established and that the Plaintiff's objections are well taken." (Doc. #76 at 1).
 {¶ 20} Upon review, we are troubled by the trial court's finding that "the desire of [M.B.] to live with her father is not new — there is no change in her desire, only her age." The trial court reached this conclusion based on the fact that M.B.'s desire to reside with Birt was raised in connection with his 2002 motion for a change of custody. As noted above, however, the question is not whether circumstances have changed since the filing of Birt's unsuccessful 2002 motion. Rather, the question is whether circumstances have changed since the trial court's issuance of the decree that allocated parental rights.[1]Pathan, supra; Gaines, supra. The trial court allocated parental rights shortly after M.B.'s birth in 1991. Therefore, the issue is whether M.B.'s maturation over the past fifteen years, combined with her expressed desire to live with Birt and any other circumstances in this case, constitute a change in circumstances sufficient to warrant inquiry into the other requirements of R.C. § 3109.04(E)(1)(a), which include evaluating whether residing with her father would be in M.B.'s best interest.
 {¶ 21} Unfortunately, the trial court improperly limited its review to the last three years. In so doing, it determined that M.B.'s desire to live with Birt was not new and, therefore, could not support a finding of changed circumstances. Because the trial court's decision is based on a misapplication of the law to the facts, we find that it constitutes an abuse of discretion. SeeJetters v. Spectra-Physics Laserplane, Inc. (May 16, 1997), Montgomery App. No. 16150. Accordingly, we hereby reverse the trial court's judgment and remand the matter for the trial court to determine whether there has been a change in circumstances since the filing of the decree that allocated parental rights shortly after M.B.'s birth in 1991. If the trial court finds that a change in circumstances has been shown, it then should proceed to address the other requirements of R.C. § 3109.04(E)(1)(a).
 {¶ 22} Judgment reversed and cause remanded.
Fain, J., and Donovan, J., concur.
[1] This approach, which comports with R.C. § 3109.04(E)(1)(a), is sound as a matter of logic. A prior motion for a change of custody may have been unsuccessful for any number of reasons. Among other things, it may have been dismissed at a non-residential parent's request, as in Gaines, supra, or it may have been denied by a trial court despite the existence of changed circumstances, as in Pathan, supra. Therefore, the fact that a non-residential parent previously filed an unsuccessful motion for a change of custody should not necessarily preclude the filing of a subsequent motion based on circumstances that changed after the decree that allocated parental rights but before the prior failed motion. As we explained in Pathan,
supra, a contrary approach would "essentially force trial courts to change custody at the first sign of trouble[.]"