[Cite as *Akin v. Akin*, 2011-Ohio-2765.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JASON A. AKIN

     Appellee/Cross-Appellant

v.

CHRISTINA M. AKIN

     Appellant/Cross-Appellee

C.A. Nos.     25524
               25543

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2007-06-2013

DECISION AND JOURNAL ENTRY

Dated: June 8, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1} Jason and Christina Akin divorced in Texas in 2000. They have two daughters. In 2007, Mr. Akin moved the Domestic Relations Division of the Summit County Common Pleas Court to register the Texas decree and assume jurisdiction over the allocation of parental rights and responsibilities. He also moved to modify the parties' shared parenting plan and for the court to hold Ms. Akin in contempt for not allowing him visitation on Father's Day. In response, Ms. Akin moved to increase child support, for health insurance, and to change the parenting schedule. After a hearing before a magistrate began, Mr. Akin moved to "dismiss" Ms. Akin's motion because she had not attached a financial disclosure affidavit to it. The magistrate denied Mr. Akin's motion to dismiss and the parties' contempt motions and entered her decision. Both parents objected to the decision, but the trial court overruled their objections. It adopted the Texas decree, approved a new shared parenting plan, and increased Mr. Akin's

child support obligation. Ms. Akin moved for relief from judgment after she discovered that Mr. Akin had underestimated his income for 2008, but the trial court denied her motion. Ms. Akin has appealed, assigning as error that the trial court incorrectly denied her motion for relief from judgment, incorrectly based the child support award on Mr. Akin's average income over three years, incorrectly denied her motion for contempt, and incorrectly granted Mr. Akin judgment on an unconscionable contract. Mr. Akin has cross-appealed, arguing that the trial court incorrectly denied his motion to dismiss, incorrectly ordered him to produce the entire hearing transcript, incorrectly applied Rule 1(B) of the Ohio Rules of Civil Procedure, incorrectly denied his motion for contempt, and incorrectly denied his request for a downward deviation in child support. We affirm in part because the trial court correctly used a three-year average to calculate Mr. Akin's child support obligation, correctly denied Ms. Akin's motion for contempt, correctly entered judgment for Mr. Akin regarding their tuition agreement, correctly denied Mr. Akin's motion to dismiss Ms. Akin's motion to increase child support, and correctly denied Mr. Akin's motion for contempt. We reverse and remand in part because the trial court should have construed Ms. Akin's motion for relief from judgment as a motion for reconsideration.

FACTS

{¶2} At the time of their divorce, the Akins agreed to shared parenting. After they moved to Ohio, however, they largely ignored the parenting plan. To accommodate their work schedules, Ms. Akin had the girls on weekdays and Mr. Akin had them on weekends. They did not have any major issues with visitation until June 2007 when Ms. Akin wanted to take the girls to Disney World.

{¶3} Ms. Akin and her live-in boyfriend asked Mr. Akin if they could take the girls to Disney World, and Mr. Akin agreed. The boyfriend, however, could not get time off work for

the week they had planned to go. The only week he could get off coincided with Father's Day, when the girls were to be with Mr. Akin. According to Ms. Akin, she asked Mr. Akin if she could have the girls on Father's Day, and he agreed. Ten minutes later, however, he called back and suggested that, since he was doing a favor for her, she should reciprocate and obtain passports for the girls. Ms. Akin initially agreed, but later changed her mind. When she refused to get the passports, Mr. Akin refused to allow the girls to go to Disney World. Because the trip was already paid for, Ms. Akin took the girls anyway. Mr. Akin, therefore, brought this action. According to him, Ms. Akin's agreement to get passports for the girls was part of their agreement about whether the girls could go on vacation over Father's Day.

{¶4} After Mr. Akin moved to enforce the Texas decree, Ms. Akin moved to increase child support. According to Ms. Akin, she had told Mr. Akin that she would not ask the court to increase his child support obligation as long as he paid for the girls to attend a Montessori school. Mr. Akin stopped paying their tuition because one of the daughters was late to school more than 30 times three years in a row.

{¶5} A magistrate began a hearing on the parties' motions in August 2008, and it continued on several days over the next few months. In November 2008, Mr. Akin moved for dismissal of Ms. Akin's motion to increase child support because she had not attached a financial disclosure affidavit to it, as required under the court's local rules. The magistrate, however, determined that Mr. Akin had agreed to let the court hear the motion. The magistrate also determined that Mr. Akin had withdrawn his motion for contempt. She recalculated Mr. Akin's support obligation by averaging his salary over the last three years, including his estimate that his income for 2008 was $90,000. The magistrate wrote in her decision that, because there was uncertainty regarding Mr. Akin's income for 2008, "if it is later learned that his gross income is

significantly in excess of the $90,000.00 he testified to, a modification may be made retroactive to the effective date of the child support order."

{¶6}    Mr. Akin objected to the magistrate's decision, arguing that he did not waive any defects regarding Ms. Akin's motion to increase child support and that he had not withdrawn his motion for contempt.  He ordered a copy of the transcript from the final day of the hearing to support his objections.  Upon motion from Ms. Akin, the trial court ordered Mr. Akin to provide a transcript of the entire hearing.  Mr. Akin did not comply with that order.  Ms. Akin also objected to the magistrate's decision, arguing that the magistrate should not have averaged Mr. Akin's income and that it should not have denied her motion to show cause.

{¶7}    The trial court overruled Mr. Akin's objection regarding Ms. Akin's motion to increase child support because it determined that he had waited too long to move for dismissal. While it sustained his objection regarding the denial of his motion for contempt, it denied the motion itself because Ms. Akin had made up the visitation time.  It entered an order that incorporated most of the magistrate's decision, but did not include any language allowing the parties to modify child support if Mr. Akin's income for 2008 was higher than his estimate.

{¶8}    Mr. Akin appealed the trial court's decision, and Ms. Akin cross-appealed.  While the appeals were pending, Ms. Akin reportedly discovered that Mr. Akin's gross income for 2008 had been $112,000.  She moved the trial court to reconsider its child support award and, when the court denied that motion, moved for relief from judgment under Rule 60 of the Ohio Rule of Civil Procedure.  This Court remanded the matter so the trial court could rule on Ms. Akin's motion for relief from judgment, which it denied.  This Court subsequently dismissed the appeals for lack of jurisdiction because the trial court had not ruled on Ms. Akin's objections to

the magistrate's decision. On remand, the trial court ruled on all of the objections, but otherwise entered the same judgment. The Akins have renewed their appeals.

CIVIL RULE 60(B)

{¶9} Ms. Akin's first assignment of error is that the trial court incorrectly denied her motion for relief from judgment. She has argued that, while Mr. Akin testified that he earned only $7500 per month in 2008, his actual income was $9400 per month. She has also argued that, even if the court only averaged the correct number into Mr. Akin's income over the last three years, it would result in a larger child support award.

{¶10} Under Rule 60(B) of the Ohio Rules of Civil Procedure, the trial court "may relieve a party . . . from a final judgment[.]" At the time Ms. Akin moved for relief from judgment, however, the trial court's judgment was not final. *Akin v. Akin*, 9th Dist. Nos. 24794, 24972, 2010-Ohio-3492, at ¶7. Accordingly, her motion was actually a motion for reconsideration. See *Vanest v. Pillsbury Co.*, 124 Ohio App. 3d 525, 533-34 (1997) (construing Civil Rule 60(B) motion filed before a final judgment was entered as a motion for reconsideration); *Beyke v. Beyke*, 3d Dist. No. 14-05-13, 14-05-15, 2005-Ohio-5465, at ¶17 (construing motion improperly labeled as a motion to set aside judgment under Civil Rule 60(B) as a motion for reconsideration under Civil Rule 54(B)).

{¶11} Even though its judgment was not final, the trial court analyzed Ms. Akin's motion under Civil Rule 60(B) and denied it because she had not supported it with any evidence, because she did not identify the Civil Rule 60(B) subsection under which she sought relief, and because she did not establish whether she had moved under the rule within a reasonable time. See *GTE Automatic Elec. Inc. v. ARC Indus. Inc.*, 47 Ohio St. 2d 146, paragraph two of the syllabus (1976) (identifying standard for Civil Rule 60(B) motions). While "a trial court has

plenary power in entertaining a motion for reconsideration prior to entering a final judgment," in this case, the trial court evaluated Ms. Akin's motion under a standard that only applies to post-judgment motions. *Vanest v. Pillsbury Co.*, 124 Ohio App. 3d 525, 535 (1997). We, therefore, vacate the trial court's ruling on Ms. Akin's motion for relief from judgment and remand so that the trial court may reevaluate the motion as a motion for reconsideration. Ms. Akin's first assignment of error is sustained.

CHILD SUPPORT AWARD

{¶12} Ms. Akin's second assignment of error is that the trial court incorrectly calculated Mr. Akin's child support obligation by averaging his income from 2006, 2007, and 2008. She has argued that the court should have based the award only on Mr. Akin's 2007 income, which was verified by his tax return from that year.

{¶13} Under Section 3119.05(H) of the Ohio Revised Code, "[w]hen the court or agency calculates gross income, the court or agency, when appropriate, may average income over a reasonable period of years." "The decision regarding when the use of an averaging method is appropriate is left to the sound discretion of the trial court because it is in the best position to weigh the facts and circumstances." *In re Sullivan*, 167 Ohio App. 3d 458, 2006-Ohio-3206, at ¶29.

{¶14} Mr. Akin testified that he is self-employed and that his income fluctuates from year to year. There was evidence that his income in 2003 was $108,000, that in 2004 it was $118,500, that in 2005 it was $75,415, that in 2006 it was $80,675, and that in 2007 it was $119,460. He testified that his income for 2008 was approximately $90,000. In light of the undisputed evidence that Mr. Akin's self-employment income fluctuated from year to year, we conclude that the trial court exercised proper discretion when it averaged his income over the last

three years to calculate his child support obligation. Of course, if the trial court finds, based on our disposition of Ms. Akin's first assignment of error, that Mr. Akin understated his income for 2008, the trial court will have to recalculate his average income using the amended data. Ms. Akin's second assignment of error is overruled.

## MOTION FOR CONTEMPT

{¶15} Ms. Akin's third assignment of error is that the trial court incorrectly determined that she withdrew her motion for contempt. She has also argued that Mr. Akin's discovery responses established that he did not maintain health insurance for their children, as required by the Texas decree.

{¶16} At the hearing before the magistrate, Ms. Akin argued that the parties' cross-motions for contempt should be denied because they were equal. According to Ms. Akin's lawyer, "[i]f my client is found in contempt, I would like Mr. Akin to be found in contempt as well, and then we can come back and offset attorney's fees equally." The lawyer also noted that "our proposal is that . . . [the] contempts be offset or that both be dismissed."

{¶17} The magistrate denied both contempt motions, which is one of the outcomes that Ms. Akin requested. Accordingly, any error that the magistrate or trial court made in denying her motion for contempt was invited. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Bitter v. Missig*, 72 Ohio St. 3d 249, 254 (1995). Ms. Akin's third assignment of error is overruled.

## TUITION CONTRACT

{¶18} Ms. Akin's fourth assignment of error is that the trial court incorrectly granted Mr. Akin judgment on an unconscionable contract. She has argued that her decision to enter into

an agreement with Mr. Akin regarding the girls' school tuition was involuntary. She has also argued that the court incorrectly applied the terms of the agreement.

{¶19} "Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Lake Ridge Acad. v. Carney*, 66 Ohio St. 3d 376, 383 (1993) (quoting *Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C. Cir. 1965)). "A contract is unconscionable if it did not result 'from real bargaining between parties who had freedom of choice and understanding and ability to negotiate in a meaningful fashion.'" *Id.* (quoting *Kugler v. Romain*, 279 A.2d 640, 652 (N.J. 1971)). "The crucial question is whether 'each party to the contract, considering his obvious education or lack of it, [had] a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print . . . ?'" *Id.* (quoting *Williams*, 350 F.2d at 449). "[W]hether a written contract is unconscionable is an issue of law which [this] court reviews de novo." *Saari v. Saari*, 9th Dist. No. 08CA009507, 2009-Ohio-4940, at ¶11.

{¶20} Ms. Akin testified that the girls slept at her house on school nights and that she was the one responsible for getting them to school on time. She admitted that one of the girls had been tardy over 30 times for three consecutive years. She also testified that Mr. Akin grew tired of paying the girls' tuition, only to have them repeatedly arrive late for school.

{¶21} According to Ms. Akin, in the spring of 2006, Mr. Akin refused to pay the down payment for the following school year unless the girls' attendance improved. She told their daughters the situation, and the girls were not late again through the end of the school year. Over the summer, she signed a contract with the school, promising to pay it $16,000 in tuition. When the school year began, however, Mr. Akin refused to pay the girls' tuition unless she entered into

an agreement with him. Under the terms of the proposed agreement, Ms. Akin had to reimburse Mr. Akin for each day that the girls were late or absent for a non-medical reason.

{¶22} Ms. Akin testified that she initially refused to sign the agreement, but, as a result, Mr. Akin did not pay the girls' tuition. When the school pressured her for payment, it was stressful because she was the one who had signed the $16,000 contract and did not earn enough to pay it herself. In November, when the school began to threaten her with late fees, she finally signed the contract prepared by Mr. Akin, who paid the girls' tuition.

{¶23} Ms. Akin has argued that there was a significant difference in bargaining power between Mr. Akin and her because she only earned minimum wage and had to pay the girls' tuition even if they withdrew from the Montessori school. She has also argued that, at the time she signed the agreement, she was under pressure from the school to pay her daughters' tuition.

{¶24} Ms. Akin testified that, in previous years, either Mr. Akin or both Mr. Akin and she signed the tuition contract with the school. In 2006, however, only she signed the contract. Ms. Akin did not allege that she was under any duress when she signed the contract with the school, but it put her in a difficult position because she did not earn enough to cover the expense by herself. While Mr. Akin may have taken advantage of Ms. Akin's hardship by offering to pay the girls' tuition only if they got to school on time, we do not find anything unconscionable about their agreement. The agreement was not "unreasonably favorable" to Mr. Akin, but merely designed to assure that the girls got to school on time. *Lake Ridge Acad. v. Carney*, 66 Ohio St. 3d 376, 383 (1993) (quoting *Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C. Cir. 1965)). We note that, under Section 2152.02(F)(5) of the Ohio Revised Code, the definition of a delinquent child includes any child who is a chronic truant, which means "any child of

compulsory school age who is absent without legitimate excuse . . . from the . . . school the child is supposed to attend for . . . fifteen or more school days in a school year." R.C. 2152.02(D).

{¶25} Ms. Akin has also argued that the agreement was unconscionable because it penalized her for the girls' tardiness even if they were ill. The agreement, however, specifically provided that Ms. Akin only had to reimburse Mr. Akin if one of the girls was "tardy or absent for non-medical reasons."

{¶26} Ms. Akin has further argued that the magistrate's findings were not based on the record. In particular, she has argued that the court incorrectly found that the agreement required her "to provide a share of the Montessori tuition." What the magistrate determined, however, is that Ms. Akin had agreed to reimburse Mr. Akin $3600. That is a proper construction of her promise to "refund" to Mr. Akin any tuition he had paid for days that the girls did not get to school on time. Ms. Akin's fourth assignment of error is overruled.

AFFIDAVIT OF INCOME

{¶27} Mr. Akin's first assignment of error is that the trial court incorrectly denied his motion to "dismiss" Ms. Akin's motion to increase child support because she did not file an affidavit of income and expenses, as required under the court's local rules. Under Rule 2.07(C) of the Summit County Common Pleas Court, Domestic Relations Division, Local Rules, "[p]ost-decree motions to modify . . . child support . . . shall be accompanied by an Affidavit of Income and Expenses, which shall be filed and served on the opposing party with the motion . . . ." Local Rule 14.01(A) also provides that "[a] motion to modify child support must be accompanied by a completed Affidavit of Income and Expenses."

{¶28} Mr. Akin has argued that, because Ms. Akin did not attach a financial affidavit to her motion to modify child support, the trial court should have granted his motion to dismiss.

The court, however, determined that Mr. Akin's motion raised "a procedural issue which should have been raised prior to the beginning of the evidentiary hearing" before the magistrate. It also found that Mr. Akin knew the information that Ms. Akin would have disclosed in the affidavit. It, therefore, denied his motion.

{¶29} "A court's local rules 'are of the court's own making . . . and not substantive principles of law.'" *GMAC Mortgage LLC v. Jacobs*, 9th Dist. No. 24984, 2011-Ohio-1780, at ¶20 (quoting *Michaels v. Michaels*, 9th Dist. No. 07CA0058–M, 2008–Ohio–2251, at ¶13). "If the local rule is administrative and designed to facilitate case management, the court is not bound to comply with the rule." *Id.* (citing *Wallner v. Thorne,* 9th Dist. No. 09CA0053–M, 2010–Ohio–2146, at ¶21). "If, on the other hand, the local rule 'implicates issues of due process, [and the trial court's failure to follow it deprives] a party of a reasonable opportunity to defend against the disposition of the case in favor of the other party, the trial court is bound to comply with [the local rule].'" *Id.* (quoting *Wallner*, 2010-Ohio-2146, at ¶21).

{¶30} Ms. Akin moved to modify the child support order on September 7, 2007. Mr. Akin did not move to dismiss her motion because of the procedural defect until November 20, 2008, fourteen months after Ms. Akin filed it and three months after a magistrate began an evidentiary hearing on it. He did not establish that Ms. Akin's failure to attach the affidavit deprived him of the ability to defend against her motion. To the contrary, the trial court found that Mr. Akin knew the facts that Ms. Akin would have disclosed in it. We, therefore, conclude that the trial court exercised proper discretion when it denied Mr. Akin's motion to dismiss.

{¶31} Mr. Akin has argued that the facts of this case resemble *Vocaire v. Beltz*, 5th Dist. No. 2003CA00215, 2003-Ohio-6015. In that case, however, the local rule provided that "[a]ny motion filed without the required financial statement . . . is subject to immediate dismissal." *Id.*

at ¶10. The local rules at issue in this case do not contain similar language. Accordingly, *Vocaire* is distinguishable. Mr. Akin's first assignment of error is overruled.

## TIMING OF MOTIONS

**{¶32}** Mr. Akin's second assignment of error is that the trial court incorrectly applied Rules 6(D), 12(B), and 53(D)(3)(b)(iii) of the Ohio Rules of Civil Procedure and Domestic Relations Division Local Rule 27.04(B) in its April 17, 2009, order. He has argued that the court incorrectly imposed a filing deadline on his motion to dismiss.

**{¶33}** Under Civil Rule 6(D), "[a] written motion . . . shall be served not later than seven days before the time fixed for the hearing . . . ." According to Mr. Akin, under that rule, he had until January 6, 2009, to file his motion. Mr. Akin, however, has ignored the fact that the evidentiary hearing began in August 2008. The magistrate and trial court, therefore, correctly determined that his motion was untimely under Civil Rule 6(D).

**{¶34}** Mr. Akin has also argued that the court did not apply the Ohio Rules of Civil Procedure equally. The only motion that Ms. Akin filed after Mr. Akin moved to dismiss her motion to increase child support was a motion to enforce settlement agreement. Ms. Akin's motion concerned an agreement that she had allegedly made with Mr. Akin during the evidentiary hearing about the release of Mr. Akin's mental health records. Unlike Mr. Akin's motion to dismiss, which challenged the adequacy of a motion that Ms. Akin had filed over a year earlier, Ms. Akin's motion concerned an agreement that had allegedly been reached on the last day that the parties had been in court for hearing and concerned documents that Ms. Akin allegedly needed to review before the next scheduled hearing day. Accordingly, we conclude that the trial court did not unfairly apply the civil rules when it considered a motion that Ms. Akin filed after Mr. Akin filed his motion.

{¶35} Mr. Akin has also argued that the trial court incorrectly made its award of child support retroactive to the date Ms. Akin filed her motion. This Court, however, has recognized that "a modification of child support normally becomes effective the date the motion was filed[.]" *O'Neill v. Bowers*, 9th Dist. No. 21950, 2004-Ohio-6540, at ¶20; *State ex rel. Draiss v. Draiss*, 70 Ohio App. 3d 418, 421 (1990). Mr. Akin's second assignment of error is overruled.

FULL TRANSCRIPT

{¶36} Mr. Akin's third assignment of error is that the trial court incorrectly ordered him to produce a transcript of the entire proceeding. He has argued that, under Rule 53(D)(3)(b)(iii) of the Ohio Rules of Civil Procedure, he only had to order the parts of the transcript that were necessary to resolve his objections to the magistrate's decision.

{¶37} Mr. Akin has not demonstrated that, even if the trial court incorrectly ordered him to provide the full transcript, he was harmed by its decision. We note that Mr. Akin did not provide a copy of the entire transcript to the trial court, even after the court ordered him to do so. Despite his failure to comply with the order, the trial court considered his objections on the merits. The court even sustained one of them, concluding that the magistrate incorrectly determined that he had withdrawn his contempt motion. He has failed to demonstrate that any error by the trial court in ordering him to produce the entire transcript affected his substantial rights. Civ. R. 61.

{¶38} Mr. Akin has also again argued that the trial court improperly considered Ms. Akin's motions while rejecting his motion to dismiss. According to him, the trial court did not treat the parties equally. As explained earlier, Mr. Akin's motion was untimely while Ms. Akin's was not. It was proper, therefore, for the trial court to treat them differently even if they

were both, as Mr. Akin has argued, "procedural" motions. Mr. Akin's third assignment of error is overruled.

## CIVIL RULE 1(B)

{¶39} Mr. Akin's fourth assignment of error is that the trial court improperly exercised its discretion when it applied Rule 1(B) of the Ohio Rules of Civil Procedure only in Ms. Akin's favor. Under Civil Rule 1(B), "[t]hese rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."

{¶40} Mr. Akin has argued that, because Ms. Akin did not attach a financial affidavit to her motion to increase child support, he incurred additional expense learning that information. According to him, the trial court should have reduced the amount he owed in retroactive child support by the amount he paid to learn the information Ms. Akin did not provide him. He has also argued that, since he was ordered to pay additional child support retroactively to the date of Ms. Akin's motion, he should also have been allowed to claim the girls on his tax return for that same time period.

{¶41} Regarding Mr. Akin's argument under Civil Rule 1(B), we reject his contention that the trial court applied the rule unequally. There is no indication that, if Mr. Akin had filed a timely motion to dismiss Ms. Akin's motion to increase child support, the trial court would not have entertained his motion. Mr. Akin, however, did not file a timely motion, but waited until the court had held two days of hearings on the matter. The trial court, therefore, correctly concluded that Mr. Akin had forfeited any defects in Ms. Akin's motion.

{¶42} Regarding Mr. Akin's argument about tax deductions, we conclude that it has been forfeited. Under Rule 53(D)(3)(b)(iv) of the Ohio Rules of Civil Procedure, "[e]xcept for a

claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Mr. Akin did not object to the trial court's assignment of tax deductions and has not alleged or shown plain error. Mr. Akin's fourth assignment of error is overruled.

CONTEMPT MOTION

{¶43} Mr. Akin's fifth assignment of error is that the trial court incorrectly denied his motion for contempt. He has argued that he had a right to have the girls on Father's Day, but Ms. Akin took them to Disney World instead. He has also argued that, although make-up time gave him some relief, the court should have ordered Ms. Akin to get passports for the girls and awarded him attorney's fees.

{¶44} Ms. Akin admitted that she had the girls on Father's Day in 2007. The trial court denied Mr. Akin's motion for contempt, however, because it found that she had made up all the time that the girls had missed with him. This Court has held that, "[if] contempt proceedings are invoked solely by the person aggrieved by disobedience of the court's order, a refusal to punish for contempt is largely within the discretion of the trial court . . . ." *Thomarios v. Thomarios*, 9th Dist. No. 14232, 1990 WL 1777 at *2 (Jan. 10, 1990). According to Ms. Akin, she made up the time that the girls would miss on Father's Day before they even went on the trip to Disney World. Mr. Akin did not dispute her claim. Since Ms. Akin had made up the time she owed Mr. Akin before he filed his motion for contempt, the trial court exercised proper discretion when it declined to award him attorney fees for his motion. Furthermore, in light of Ms. Akin's testimony that Mr. Akin did not ask her to get passports for the girls until after he agreed to let

them go to Disney World over Father's Day, the court also exercised proper discretion when it declined to order Ms. Akin to obtain passports. Mr. Akin's fifth assignment of error is overruled.

## DOWNWARD DEVIATION

{¶45} Mr. Akin's sixth assignment of error is that the trial court incorrectly failed to grant him a downward deviation in child support based on his payments to the Montessori school. He has argued that, since he had been paying the girls' school expenses in addition to child support, he should have received credit for his additional payments when the court was calculating how much he owed in retroactive child support.

{¶46} Mr. Akin did not raise this issue at trial or in his objections to the magistrate's decision. Accordingly, he has forfeited it under Rule 53(D)(3)(b)(iv) of the Ohio Rules of Civil Procedure. Furthermore, although the court modified Mr. Akin's child support obligation retroactively to the date of Ms. Akin's September 2007 motion, there was no evidence that he paid for the girls to attend Montessori school for the 2007-2008 school year. Thus, even if Mr. Akin had preserved his argument, there would have been nothing for the trial court to offset. Mr. Akin's sixth assignment of error is overruled.

## CONCLUSION

{¶47} The trial court correctly used a three-year average to calculate Mr. Akin's child support obligation, correctly denied Ms. Akin's motion for contempt, correctly entered judgment for Mr. Akin regarding their tuition agreement, correctly denied Mr. Akin's motion to dismiss Ms. Akin's motion to increase child support, and correctly denied Mr. Akin's motion for contempt. Because its original judgment was not final, the trial court improperly evaluated her motion for relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. The judgment of the Summit County Common Pleas Court, Domestic Relations Division, is affirmed

in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

LESLIE GRASKE, Attorney at Law, for Appellant/Cross-Appellee.

JASON AKIN, pro se, Appellee/Cross-Appellant.