[Cite as *Moffet v. Sickles*, 2012-Ohio-1928.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KATIE MOFFET

      Appellant/Cross-Appellee

      v.

DERRICK SICKLES

      Appellee/Cross-Appellant

C.A. No.     26036

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2007-06-1783

DECISION AND JOURNAL ENTRY

Dated: May 2, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}    Derrick Sickles and Katie Moffet divorced in February 2008 after two years of marriage. They have two children. In January 2010, Mr. Sickles moved for a change in custody and parenting time, alleging there had been a change in the circumstances of the parties. He also moved for an order of contempt, alleging Ms. Moffet had denied him visitation time on several occasions and failed to immediately report for drug tests. Following a hearing, a magistrate determined that, although there had been a change in circumstances, Mr. Sickles's request to reallocate parental rights should be denied. The magistrate also determined that Ms. Moffet should be held in contempt for not allowing Mr. Sickles to have the children on Christmas in 2009. Both parties objected to the decision. The trial court upheld the magistrate's parental rights decision because it concluded that there had been no change in circumstances. It disagreed with her contempt decision because it concluded that it was reasonable for Ms. Moffet to have

the children on Christmas in 2009 in as much as Mr. Sickles had them on Christmas in 2008. Mr. Sickles has appealed, arguing that the trial court incorrectly determined that there was no change in circumstances, incorrectly declined to award him shared parenting, incorrectly failed to hold Ms. Moffet in contempt regarding Christmas 2009, and incorrectly failed to hold her in contempt for not immediately reporting for drug tests. We affirm because the court correctly concluded that there was not a change in circumstances and it exercised proper discretion when it refused to hold Ms. Moffet in contempt.

### BACKGROUND

{¶2} Mr. Sickles and Ms. Moffet had a son in May 2002 and a daughter in September 2004. They married in October 2005. Mr. Sickles works in highway construction, and Ms. Moffet worked at a graphic design company until it went out of business. At the time of the modification hearing, she was going to college to become a nurse.

{¶3} In February 2008, the trial court entered a divorce decree incorporating the terms of the parties' separation agreement. That agreement designated Ms. Moffet as the children's residential and custodial parent. It also provided that holiday companionship would be by agreement of the parties, but that the county's standard visitation order would apply if they could not agree.

{¶4} In January 2010, Mr. Sickles moved to change the custodial and residential parent designations, to modify child support, and to change the parenting-time schedule. He also moved for an order of contempt, alleging that Ms. Moffet had interfered with his visitation rights during the children's 2008 spring break, the summers of 2008 and 2009, and on Christmas in 2009. A few months later, he filed a second contempt motion, alleging that Ms. Moffet had failed to timely appear for drug tests. The court resolved the child support issue in August 2010.

{¶5}    In February 2011, a magistrate held a hearing on Mr. Sickles's custody and contempt motions. Following the hearing, she entered a decision determining that, although Ms. Moffet had occasionally used marijuana during the parties' marriage, because the court did not know about it at the time of the decree, the fact that she continued to use marijuana after the divorce was a change in circumstances. She found, however, that, because the drug use had not affected the children, modifying the parties' parental rights was not in their best interest. The magistrate also determined that, because the parties had failed to reach an agreement regarding holiday visitation for Christmas 2009, the standard schedule should have applied. Under that schedule, Mr. Sickles was entitled to have the children. Since Ms. Moffett took the children on Christmas in 2009 over Mr. Sickles's objection, she concluded that Ms. Moffet should be held in contempt.

{¶6}    Ms. Moffet objected to the magistrate's decision, arguing, in part, that there had been no change in circumstances and that she should not be held in contempt regarding Christmas 2009. Mr. Sickles also objected to the magistrate's decision, arguing that she had incorrectly determined the parenting issues and had not ruled on all of his contempt allegations.

{¶7}    The trial court upheld the magistrate's parental rights decision, but for a different reason. It determined that, because Mr. Sickles signed the separation agreement knowing that Ms. Moffet had used marijuana during their marriage, the fact that she used marijuana after the divorce was not a change in circumstances. It reversed the magistrate's contempt decision regarding Christmas 2009 because it determined that Mr. Sickles could not have reasonably expected to have the children on Christmas two years in a row. It also rejected Mr. Sickles's argument that Ms. Moffet should be held in contempt regarding Easter 2010. Mr. Sickles has appealed the trial court's decision, assigning four errors.

## CHANGE IN CIRCUMSTANCES

{¶8} Mr. Sickles's first assignment of error is that the trial court incorrectly concluded that there had been no change in circumstances under Section 3109.04(E)(1)(a) of the Ohio Revised Code. Under Section 3109.04(E)(1)(a), "[t]he court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child." The Ohio Supreme Court has explained that a change in circumstances "must be a change of substance, not a slight or inconsequential change." *Davis v. Flickinger*, 77 Ohio St. 3d 415, 418 (1997). It has also explained that a trial court must "have wide latitude in considering all the evidence before [it] . . . ." *Id.* Accordingly, the court's decision "will not be reversed" if it "is supported by a substantial amount of credible and competent evidence[.]" *Id.* (quoting *Bechtol v. Bechtol*, 49 Ohio St. 3d 21, syllabus (1990)).

{¶9} Mr. Sickles has argued that there was a change in circumstances because Ms. Moffet has used marijuana, she has moved several times, she leaves the children with caregivers while she attends college classes, and both children had to repeat kindergarten. Regarding drug use, Ms. Moffet admitted that she has occasionally used marijuana. Mr. Sickles, however, testified that he knew Ms. Moffet occasionally used marijuana while they were married and that, despite his knowledge of that fact, he entered into the separation agreement voluntarily. We agree with the trial court that, because Mr. Sickles knew about Ms. Moffet's drug use before he entered into the separation agreement, the fact that she continued to use marijuana occasionally after the divorce did not constitute a change in circumstances. *See Gunter v. Clint*, 2d Dist. No.

2001 CA 32, 2002 WL 10446, *3 (Jan 4, 2002) (concluding that mother's occasional marijuana use was not a change in circumstances because father knew about drug use at the time the parties entered into existing shared parenting plan).

{¶10} Regarding the children having to repeat kindergarten, the trial court found that the reason their teacher recommended that they repeat kindergarten was because they lacked maturity. It also found that both children have birthdays that are later in the school year. It further found that there was no evidence that the children's lack of maturity "stemmed from any failure on [Ms. Moffet's] part." Mr. Sickles has not directed this Court to any evidence in the record that contradicts the trial court's findings. We, therefore, conclude that it correctly determined that the children's need to repeat kindergarten was not a change in circumstances under Section 3109.04(E)(1)(a).

{¶11} Regarding Ms. Moffet's multiple changes in residence, Ms. Moffet testified that, after she separated from Mr. Sickles, she moved in with her parents. She later moved out on her own, but had to return to her parents' house when the company she was working for went out of business. She subsequently got engaged to and moved in with another man and was living with him at the time of the hearing.

{¶12} The trial court found that, although Ms. Moffet had moved a few times, all the homes were in the same vicinity and the children continued to attend the same schools. It also noted that the parties had moved several times while they were married and that Mr. Sickles had also moved a few times following the divorce. Upon review of the record, we agree that there was no evidence that Ms. Moffet's moves had a measurable effect on the children and, therefore, did not constitute a change in circumstances under Section 3109.04(E)(1)(a).

{¶13} Regarding the fact that Ms. Moffet had to leave the children with caregivers while she attended college classes, the trial court explained that it was "to be expected that a parent [who is] working outside the home or attending classes will leave the children in the care of a third-party." The court also found that Mr. Sickles had left the children in the care of his wife while he was at work. We conclude that, under the facts of this case, even if Ms. Moffet's leaving the children with various caregivers could be considered a "change" in the circumstances of the children, it is merely an inconsequential one. *Davis v. Flickinger*, 77 Ohio St. 3d 415, 418 (1997). *But see Gaines v. Pelzl*, 2d Dist. No. 2003-CA-60, 2004-Ohio-2043, at ¶ 9 (concluding that there was a change in circumstances because mother left child with her parents when she moved into university housing).

{¶14} Mr. Sickles has also argued that the trial court incorrectly altered some of the magistrate's findings of fact, asserting that the magistrate was in a better position to assess the witnesses' credibility by their demeanor, facial expressions, and tone of voice. Whether there was a change in circumstances in this case, however, did not depend on witness credibility. Ms. Moffet admitted that she used marijuana before and after the marriage, that the children had to repeat kindergarten, that she had moved a few times, and that other people watched the children when she went to work or to her college classes.

{¶15} The trial court correctly determined that Mr. Sickles failed to prove a change in the circumstances of the parties or children. Mr. Sickles's first assignment of error is overruled.

SHARED PARENTING

{¶16} Mr. Sickles's second assignment of error is that the trial court incorrectly determined that a reallocation of the parental rights and responsibilities was not in the best interest of the children. The trial court, however, did not even reach that issue because it

determined that there had not been a change in circumstances of the children or parties under Section 3109.04(E)(1)(a). Mr. Sickles's second assignment of error is overruled.

## CHRISTMAS 2009

{¶17} Mr. Sickles's third assignment of error is that the trial court incorrectly failed to hold Ms. Moffet in contempt for not allowing him companionship time on Christmas in 2009. He has argued that, because Ms. Moffet and he were unable to agree who should have the children, the standard order applied. Under the standard order, if the year ends in an odd number, the children's father is entitled to have the children on Christmas.

{¶18} The parties gave conflicting testimony about who had the children on Christmas in 2007 and 2008. According to Mr. Sickles, Ms. Moffet had the children on Christmas Eve in 2007 and he had them on Christmas Day. In 2008, they switched. According to Ms. Moffet, she had the children on Christmas Day in 2007 and Mr. Sickles had them on Christmas Day in 2008. The magistrate determined that, regardless of who had the children in 2007 and 2008, because the parties were unable to agree in 2009, the standard order applied. The trial court, however, found that Mr. Sickles had the children in 2008 and determined that Ms. Moffet should not be held in contempt for refusing to allow Mr. Sickles to have the children on Christmas two years in a row.

{¶19} "[If] contempt proceedings are invoked solely by the person aggrieved by disobedience of the court's order, a refusal to punish for contempt is largely within the discretion of the trial court . . . ." *Akin v. Akin*, 9th Dist. Nos. 25524, 25543, 2011-Ohio-2765, at ¶ 44 (quoting *Thomarios v. Thomarios*, 9th Dist. No. 14232, 1990 WL 1777 at *2 (Jan. 10, 1990)). Although the magistrate correctly determined that Mr. Sickles was entitled to have the children in 2009, there is evidence in the record to support the trial court's finding that he had them in

2008. We conclude that the trial court exercised proper discretion when it refused to hold Ms. Moffet in contempt for taking the children on Christmas in 2009 when Mr. Sickles had had them the previous year. Mr. Sickles's third assignment of error is overruled.

DRUG TESTING

{¶20} Mr. Sickles's fourth assignment of error is that the trial court incorrectly failed to hold Ms. Moffet in contempt for not immediately appearing for court-ordered drug tests. In his motion, Mr. Sickles asserted that, on February 25, 2010, the court ordered Ms. Moffet to immediately appear and submit for urine- and hair-analysis drug tests. He immediately went to the testing facilities to pay for the tests. Ms. Moffet, however, did not appear for the urine test until two-and-a-half hours later and did not appear for the hair test until the next day.

{¶21} Ms. Moffet testified that, on the day the court ordered her to take the drug tests, her parents had driven her to the courthouse. After the hearing, she went home with them to get her own car to drive to the drug-test facility because she was going to have to pick up the children from school after the tests. Although she admitted that there was a delay in her getting to the facility, she did not think it was two-and-a-half hours. She also testified that the reason she did not have the hair test the same day is because they are by appointment only. She said that she scheduled the earliest time that was available, which was the following day.

{¶22} Upon review of the record, we conclude that the trial court exercised proper discretion when it refused to hold Ms. Moffet in contempt regarding her compliance with the drug-test order. Mr. Sickles's fourth assignment of error is overruled.

CONCLUSION

**{¶23}** The trial court correctly determined that there was no change in circumstances and exercised proper discretion when it refused to hold Ms. Moffet in contempt. The judgment of the Summit County Common Pleas Court, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant/Cross-Appellee.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

TAMARA D. PARKIN, Attorney at Law, for Appellant/Cross-Appellee.

MICHAEL J. GRUBER, Attorney at Law, for Appellee/Cross-Appellant.