[Cite as *Ross v. Olsavsky*, 2011-Ohio-1655.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JACK ROSS, et al., | ) | |
| | ) | CASE NO.  09 MA 191 |
| PLAINTIFFS-APPELLEES, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| LINDA OLSAVSKY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Civil Appeal from County Court No. 5,
                                   Case No. 07 CVF 132 CNF.


JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiffs-Appellees:          Attorney Edward T. Saadi
                                   970 Windham Court, Suite 7
                                   Youngstown, OH  44512


For Defendant-Appellant:           Attorney Martin Hume
                                   6 Federal Plaza Central
                                   Suite 905
                                   Youngstown, OH  44503-1506


JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich


                                   Dated: March 29, 2011

DeGenaro, J.

{¶1} Appellant, Linda Olsavsky appeals the October 2, 2009 decision of the Mahoning County Area Court No. 5 that overruled Olsavsky's motion to show cause. On appeal, Olsavsky argues that the trial court erred in failing to find Appellees, Jack Ross, et al. in contempt of the court's stay of execution because Ross repeatedly attempted to collect on the judgment. Olsavsky also argued that the trial court erred in granting Ross's motion for relief from stay of execution, but later conceded that her argument was moot.

{¶2} Ross's actions did not constitute impermissible attempts to collect on the stayed judgment. Therefore, the trial court did not abuse its discretion by overruling Olsavsky's contempt motion. Accordingly, the trial court's decision is affirmed.

### Facts and Procedural History

{¶3} On July 27, 2007, Ross obtained a default judgment against Olsavsky in the amount of $12,306.65. Subsequent to the resolution of an intervening bankruptcy filing by Olsavsky, a garnishment order was issued to Olsavsky's employer, Sun Healthcare Group, Inc., in November of 2008. The Order and Notice of Garnishment stated that the judgment of $12,306.65, plus interest and costs, would presently require an estimated total of $13,806.55 to be garnished from Olsavsky's wages. Her wages from Sun Healthcare were garnished beginning in December of 2008.

{¶4} On February 17, 2009, Olsavsky filed a motion to vacate the July 27, 2007 default judgment, claiming that the judgment was void ab initio for failure of proper service, or alternatively that she merited Civ.R. 60(B) relief. Olsavsky also filed a motion to stay execution of judgment. The trial court denied both of Olsavsky's motions on April 10, 2009. On May 11, 2009, Olsavsky filed a notice of appeal and a motion to stay execution of judgment pending her appeal. On May 13, 2009, the trial court granted Olsavsky's motion and stayed execution of the April 10, 2009 judgment pending appeal. Ross had collected $8,890.34 prior to the stay, and because of the trial court's stay order the remaining ongoing garnishments were to be held in escrow.

{¶5} Ross filed an affidavit of the current balance due on garnishment on July 20,

2009. On July 21, 2009, Olsavsky filed a motion to require plaintiffs to show cause why they should not be held in contempt for violation of the order staying execution on the judgment, arguing that Ross was circumventing the stay order by attempting to collect the judgment debt through Case No. 4:08-CV-01227-PCE at the U.S. District Court for the Northern District of Ohio. On the same day, Ross filed a motion for relief from stay of execution and for disbursement of garnishment funds.

{¶6} The trial court denied the motion for relief and the contempt motion as they were filed subsequent to Olsavsky's notice of appeal. Pursuant to a 45-day limited remand from this court on August 19, 2009, the trial court ordered the parties to file briefs in support of their respective July 21, 2009 motions, as well as proposed findings of fact and conclusions of law.

{¶7} In her brief, Olsavsky alleged that Ross had made numerous attempts to collect the remaining judgment amount, in violation of the trial court's May 13, 2009 order to stay execution on the default judgment pending Olsavsky's appeal. Olsavsky alleged that she had incurred $6,000.00 in attorney fees directly attributable to counsel's efforts to contest Ross's improper actions. Olsavsky attached a number of exhibits to her brief, including an uncertified copy of Ross's motion to vacate a decision in the Federal District Court case, filed on July 17, 2009, a copy of the affidavit Ross filed on July 22, 2009, a copy of a paystub reflecting a garnishment that occurred after Ross filed his affidavit, and an unauthenticated copy of an email, allegedly sent from counsel for Ross to counsel for Olsavsky, stating that Ross would commence proceedings to enforce his lien under the federal case if the lien was not honored.

{¶8} On October 1, 2009, Sun Healthcare Group, Inc. filed an Answer of Garnishment, noting that Olsavsky's final payment in satisfaction of the judgment had been submitted to the trial court. On October 2, 2009, the trial court granted Ross's motion for relief from stay, denied Olsavsky's contempt motion, and ordered the immediate release of the escrow funds to Ross. On October 5, 2009 the limited stay issued by this Court expired, as the 45th day fell on a Saturday. On October 5, 2009, Olsavsky filed a motion to stay execution, but before this court had an opportunity to

consider the motion, on October 9, the remaining judgment balance was released from escrow to Ross as ordered by the trial court. On October 19, 2009, Ross filed a release of garnishment and notice of satisfaction of judgment.

## Motion for Relief

{¶9} In her first of two assignments of error, Olsavsky asserts:

{¶10} "The trial court erred in granting plaintiff-appellee's motion for relief from the stay of execution."

{¶11} Ross argues that Olsavsky's assigned error is moot, because the July 27, 2007 judgment was executed in full as of October 9, 2009, and because this court resolved Olsavsky's pending appeal in Ross's favor on March 25, 2010 in the case styled *Ross v. Olsavsky*, 7th Dist. No. 09 MA 95, 2010-Ohio-1310. This court has held that "when the judgment on which the stay is based has been fully executed, the issue becomes moot." *McCarthy v. Lippitt*, 7th Dist. No. 04-MO-1, 2004-Ohio-5367, at ¶35. Olsavsky correctly concedes that this argument is moot. Accordingly, Olsavsky's first assignment of error is moot.

## Motion for Contempt

{¶12} In her second assignment of error, Olsavsky asserts:

{¶13} "The trial court erred in failing to find plaintiff-appellees in contempt of court for violation of the court's order staying execution on the judgment against the defendant-appellant"

{¶14} Contempt is the disobedience or resistance to an order or command of a court. R.C. 2705.02(A). It is conduct that engenders disrespect for the administration of justice or tends to embarrass, impede, or disturb a court in the performance of its functions. *Denovchek v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 15, 520 N.E.2d 1362. A trial court has the broad discretion to determine the kind of conduct that constitutes contempt of court. *State ex rel. Seventh Urban, Inc. v. McFaul* (1983), 5 Ohio St.3d 120, 122, 449 N.E.2d 445, citing *State v. Kilbane* (1980), 61 Ohio St.2d 201, 15 O.O.3d 221, 400 N.E.2d 386, at paragraph one of the syllabus. A trial court's decision in a contempt proceeding should therefore not be disturbed absent an abuse of discretion.

*State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 573 N.E.2d 62. In order to find an abuse of discretion, the trial court's decision must prove to be unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶15}** Olsavsky argues that Ross violated the trial court's May 13, 2009 stay of execution by filing a motion before the U.S. District Court for the Northern District of Ohio in a separate case on July 17, 2009, by filing an Affidavit of Current Balance Due of Garnishment Order with the trial court on July 22, 2009, and by an email correspondence between counsel on August 8, 2009 referencing Ross's intent to enforce his creditor's lien from the federal case. Olsavsky argues that the trial court abused its discretion by not finding Ross in contempt for these actions, and by failing to award Olsavsky $6,000.00 in attorney fees related to her defense against Ross's impermissible attempts to collect on the stayed judgment.

**{¶16}** First, Ross's July 17, 2009 Motion to Vacate was filed with the U.S. District Court for the Northern District of Ohio, in an action Olsavsky filed against Five Star Quality Care, Inc. that was dismissed on July 9, 2009. Although the proceedings for that separate case are not part of the record in this case, we can glean from this record that Ross became a party to that federal case as an intervenor, and argued in that motion that the federal court's decision to dismiss the case was based on a misrepresentation by Olsavsky that the parties had settled the matter. Ross's motion sought to continue with the federal case, and did not constitute a collection of Olsavsky's escrowed funds in the present case.

**{¶17}** Second, pursuant to the trial court's order and instructions, Olsavsky's personal earnings were to continue to be garnished under the original garnishment order, but disbursement of the garnished amounts was stayed. Thus, all garnishments of Olsavsky's wages subsequent to May 13, 2009 were held in escrow in compliance with the trial court's order. While a continuous garnishment order remains in effect, R.C. 2716.031(B) allows a judgment creditor to file an affidavit of current balance due on garnishment at any time, and R.C. 2716.031(A) requires the judgment creditor to do so at

a minimum of once per year. Ross's July 22, 2009 affidavit served to provide notice of the current accrual of interest and the remaining balance to be garnished and placed in escrow, in compliance with R.C. 2716.03. Ross's affidavit did not constitute any sort of attempt or demand to disburse the escrow funds.

{¶18} Finally, the trial court's May 13, 2009 order did not enjoin communication between the parties or their counsel. The August 8, 2009 email correspondence between counsel for Ross and Olsavsky did not constitute a violation of the stay. Although Olsavsky apparently felt threatened by the correspondence expressing the intent to attempt to collect the funds, the private correspondence between counsel had no legal force or effect. See *Hrabak v. Collins* (1995), 108 Ohio App.3d 117, 124, 670 N.E.2d 281 (in the context of Civ.R. 55(A)). Thus, the communication did not function to collect Olsavsky's escrowed funds.

{¶19} The trial court's May 13, 2009 stay order functioned to enjoin Ross from collecting the funds held in escrow. None of the actions described by Olsavsky constituted a collection of those funds. Thus, the trial court did not abuse its discretion in declining to find Ross in contempt of court, and denying Olsavsky's request for $6,000.00 in attorney fees. Olsavsky's second assignment of error is meritless. Accordingly, the judgment of the trial court is affirmed

Waite, P.J., concurs.

Vukovich, J., concurs.