[Cite as *State ex rel. DeWine v. Miller*, 194 Ohio App.3d 86, 2011-Ohio-2107.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| THE STATE EX REL. DEWINE, | : | |
| | : | |
| Appellant, | : | Case No. 10CA804 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MILLER et al., | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| Appellees. | : | |

_____

APPEARANCES:

Michael DeWine, Attorney General, and John F. Cayton and Nicholas J. Bryan, Assistant Attorneys General, for appellant.

Porter, Wright, Morris & Arthur and Christopher R. Schraff, for appellees Fred T. Miller and Miller Salvage, Inc.

McMahon, Spetnagel & McMahon, Thomas M. Spetnagel, and Paige J. McMahon, for appellee Miller Land Company.

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-21-11

ABELE, Judge.

{¶ 1} This is an appeal from a judgment that found Fred T. Miller and Miller Salvage, Inc., defendants below and appellees here, in contempt of court. The state of Ohio ex rel. Michael DeWine, Attorney General of Ohio, plaintiff below and appellant here, assigns the following errors for review:

First Assignment of Error:

The trial court erred when it held that Miller Land Company is not in contempt for failure to comply with the provisions of the agreed judgment entry.

Second Assignment of Error:

The trial court abused its discretion when it failed to affirm the stipulated penalties set out in the agreed judgment entry.

**{¶ 2}** In 1993, appellee Fred Miller started a wood-waste recycling business. In 1999, he sold the business to his brother, Douglas Miller, for three million dollars. No payment was made on the sale, however, and Douglas Miller, by and through his company W.D. Miller Enterprises, L.L.C., operated the business for only two weeks before abandoning it. Subsequently, Fred Miller again took over the business.

**{¶ 3}** In November 2001, appellant commenced the instant action and alleged various violations of environmental laws and regulations promulgated under R.C. Chapter 3704. Appellant sought, inter alia, a permanent injunction to bar appellees from further violation as well as civil penalties.

**{¶ 4}** On April 15, 2005, the parties entered into an agreed judgment entry that resolved the state's motion for preliminary injunction ("the consent decree"). The consent decree required appellees to take certain actions regarding, among other things, the construction and operation of a "new leachate pond"[1] and the removal of wood waste from an "old footprint."[2]

---

[1] "Leachate" is "a liquid that has percolated through soil, rock, or waste and has extracted dissolved or suspended materials." Ohio Adm.Code 1501:13-1-02(TTT). It logically follows that a "leachate collection pond" is a place to collect and hold the water that contains those contaminants.

[2] The consent decree defines the "old footprint" as "all areas containing wood waste as identified by" a topographic survey.

The consent decree also set out stipulated penalties for the failure to complete various actions. Furthermore, the consent decree was to be binding both "upon the parties to [the] action" as well as their "successors, and assigns."

{¶ 5} In March 2006, unbeknownst to appellant, a portion of the contaminated property was conveyed to another entity, the Miller Land Company. That company was subsequently joined as a party defendant to the action.

{¶ 6} On November 7, 2006, appellant filed a motion to show cause why appellees should not be held in contempt for the failure to comply with the consent decree's terms. The matter then underwent a protracted process of discovery and hearing.

{¶ 7} On January 27, 2010, the trial court issued its decision and (1) sustained the motion in part and overruled it in part, (2) found appellees Fred Miller and Miller Salvage, Inc. in contempt of court, and (3) sentenced Fred Miller to 30 days in jail for contempt but suspended that sentence to give him an opportunity to purge the contempt by paying $18,000 in stipulated penalties to the state of Ohio.[3]

{¶ 8} With respect to the Miller Land Company, the trial court found insufficient evidence to show that it was "an aider and abettor" to any violation or that it was in "active concert or participation with the other [d]efendants" in violating the terms of the consent decree. This appeal followed.

I

{¶ 9} In its first assignment of error, appellant asserts that the trial court erred when it

---

[3] In its proposed findings of facts and conclusions of law, appellant calculated $1,700,000 as the stipulated penalties owed under the consent decree.

declined to hold the Miller Land Company in contempt of court. Specifically, appellant contends that the court ignored the fact that the Miller Land Company is a successor/assignee of the Miller brothers' family business and that Fred Miller, its principal, was aware of the proceedings against the property.

{¶ 10} Our analysis begins with the principle that a trial court enjoys broad discretion when considering a contempt motion and its judgment should not be reversed absent an abuse of discretion. *In re T.B.*, Athens App. No. 10CA04, 2010-Ohio-2047, at ¶ 37; *Welch v. Muir*, Washington App. No. 08CA32, 2009-Ohio-3575, at ¶ 10. Generally, an abuse of discretion is more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary, or unconscionable. *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242. Furthermore, when applying the abuse-of-discretion standard, reviewing courts may not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.

{¶ 11} In the case sub judice, we reject appellant's arguments for several reasons. First, as the trial court noted, the Miller Land Company was not a party to the consent decree. Indeed, it was not a party to the action until March 19, 2007, approximately two years after the consent decree. Second, even if the trial court did err, we fail to see how appellant has suffered prejudice. Appellant recognizes that Fred Miller is the principal of the Miller Land Company, and Miller was found in contempt and will serve jail time unless he purges himself of that contempt. Third, the trial court's finding is based on its own evaluation of the evidence at the

hearing. Here, the trial court sat as trier of fact and apparently determined that the evidence is insufficient to show that the Miller Land Company is in contempt. We will not second guess that determination.

{¶ 12} We further point out that if a court possesses the inherent power to punish contemptuous conduct, it also possesses the power to determine what type of conduct constitutes contempt. *State ex rel. Turner v. Albin* (1928), 118 Ohio St. 527, 535, 161 N.E. 792. This court and others have held that trial courts may decline to hold a party in contempt, notwithstanding uncontroverted evidence that a court order has been violated. See, e.g., *McClead v. McClead*, Washington App. No. 06CA67, 2007-Ohio-4624, at ¶ 32; *In re Skinner* (Mar. 23, 1994), Adams App. No. 93CA547; see, e.g., *Kilcoyne Properties, L.L.C. v. Fischbach*, Licking App. No. 03CA072, 2004-Ohio-7272, at ¶ 97. Thus, even though appellant may have presented convincing evidence, it is within the trial court's discretion to refuse to find the Miller Land Company in contempt.

{¶ 13} Based upon the foregoing reasons, we find nothing arbitrary, unreasonable, or unconscionable in the trial court's decision not to find the Miller Land Company in contempt. Accordingly, we hereby overrule the first assignment of error.

II

{¶ 14} Appellant's second assignment of error asserts that the trial court's decision regarding the sanction against appellee Fred Miller constitutes reversible error. Specifically, appellant argues that in light of the fact that the $18,000 penalty against Miller is less than two percent of the stipulated penalties set out in the consent decree, the court's sanction effectively waives almost all the penalties to which the parties stipulated.

**{¶ 15}** The issue whether a trial court must impose stipulated penalties set forth in a consent decree as a sanction for contempt appears to be one of first impression.[4] One Ohio case that involved that issue saw the issue formally withdrawn during oral argument. See *State ex rel. Petro v. Earl*, Richland App. No. 2004-CA-28, 2005-Ohio-1049, at ¶ 22. We observe, however, that the United States Court of Appeals for the Third Circuit reviewed, and upheld, a lower court's imposition of stipulated penalties as not constituting an abuse of discretion. See *Harris v. Philadelphia* (C.A.3 1995), 47 F.3d 1311, 1325. This may suggest that the court believed that the trial court also possessed the discretion not to impose stipulated penalties.

**{¶ 16}** Generally, a contempt sanction is reviewed under the abuse-of-discretion standard. See *Mitchells Salon & Day Spa, Inc. v. Bustle*, Hamilton App. No. C-0900349, 2010-Ohio-1880, at ¶ 23; *DeMarco v. DeMarco*, Franklin App. No. 09AP-405, 2010-Ohio-445, at ¶ 25; *Myer v. Myer*, Muskingum App. No. CT2009-0014, 2009-Ohio-6884, at ¶ 19. We again note that to establish an abuse of discretion, an appellant must show that a decision is unreasonable, unconscionable, or arbitrary.

**{¶ 17}** During the trial court proceedings, some evidence was adduced concerning Fred Miller's financial resources and, as the trial court characterized it, the "ability-to-pay analysis of

---

[4] We recognize that a consent decree is a settlement that is contained in a court order. In other words, a consent order is a contract based upon the parties' agreement. Courts are not generally free to modify the terms of the decree absent certain circumstances, including the parties' consent, changed factual conditions, or unforeseen events.

In the case sub judice, we emphasize that our decision is guided by the procedural mechanism that appellant chose to employ. Ohio case law is replete with examples of motions to enforce consent decrees. See, e.g., *Johnson v. Wilkinson* (1992), 84 Ohio App.3d 509, 513, 617 N.E.2d 707; *Baird v. SDG, Inc.*, Wayne App. No. 05CA0030, 2005-Ohio-6605; *Johnson v. Morris* (Dec. 13, 1993), Ross App. No. 93CA1969; *Morgan v. Tillotson* (Feb. 4, 1983), Lake App. No. 9-119. Here, the state of Ohio chose to forego such a motion and instead sought to invoke the remedy of contempt. In our view, this action placed the proceedings squarely within the trial court's discretionary purview. Had the state of Ohio filed a motion to enforce the consent decree, the trial court's decision, as well as our decision, may very well have been different.

the Defendants." Although the trial court did not make extensive findings on the matter, it did note that the "Defendants had the ability to contribute toward the stipulated penalties." That statement suggests that the court found the penalties that appellant sought to be onerous and beyond appellees' means. Further, although the consent decree is considered a contract between the parties, it is also an order of the court. Trial courts must be afforded considerable leeway as to the manner in which they enforce their orders. The purpose of civil contempt is to coerce compliance with a previous court order. *Slone v. Slone* (Feb. 11, 2002), Pike App. No. 01CA665; *State v. Newman* (Apr. 3, 1998), Scioto App. Nos. 97CA2507 and 97CA2525. Here, the trial court may well have concluded that at this juncture the stipulated penalties were completely beyond the appellees' ability to pay. However, an $18,000 penalty may have been viewed as feasible and within their ability to pay.

{¶ 18} To the extent that appellant's arguments are centered on the amount of the sanction and that the sanction is less than two percent of the stipulated penalty, we refuse to be drawn into setting a fixed percentage below which damages in the context of a contempt citation constitute an abuse of discretion. Trial courts are in a much better position than this court to adjudicate the facts and to determine what is best under each situation.

{¶ 19} The appellant cites *State ex rel. Rogers v. Republic Environmental Sys. (Ohio), Inc.,* (Oct. 9, 2009), Montgomery C.P. No. 1998CV03449, which it claims contains facts similar to those at issue in the case sub judice. That court pondered whether to impose stipulated penalties in a similar consent decree in light of the fact that the "aggregate amounts are disproportionate to the nature and environmental impact of the violations." In the end, the Montgomery County Court of Common Pleas believed that it did not possess the authority to

deviate from the stipulated penalties. In the case sub judice, appellant contends that the trial court should have imposed the stipulated penalties and its refusal to do so constitutes reversible error. We disagree for several reasons.

{¶ 20} First, this court is not bound by trial court decisions from our district or any other. *Chautauqua Park Apts. v. McMullen* (Oct. 14, 1992), Highland App. No. 791; *State v. Perotti* (May 15, 1991), Scioto App. No. 89CA1845, 1991 WL 87303. For that matter, neither is the trial court in the case at bar.

{¶ 21} Second, the issue cited in *Republic Environmental Sys.* is whether the penalties were disproportionate to environmental injury inflicted. By contrast, the issue here is the trial court's concern about the appellees' ability to pay those penalties.

{¶ 22} Finally, and more important, we are not persuaded that *Republic Environmental Sys.* necessarily conflicts with the trial court's actions in the case sub judice. The Montgomery County Court of Common Pleas exercised its discretion one way, while the Pike County Common Pleas Court exercised its discretion another way. Again, trial courts are afforded broad discretion in contempt cases and must be given broad flexibility to decide cases in the manner they think best.

{¶ 23} For these reasons, we find that the trial court sanction does not constitute abuse of discretion and we hereby overrule appellant's second assignment of error.

{¶ 24} Having reviewed all of the errors assigned and argued, we hereby affirm the trial court's judgment.

Judgment affirmed.

MCFARLAND, J., concurs.

KLINE, J., concurs as to Assignment of Error I and concurs in judgment only as to Assignment of Error II.