[Cite as *A.G. v. Gain*, 2022-Ohio-95.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

A.G.

     Appellant

     v.

JOEL GAIN

     Appellee

C.A. No.     21CA011736

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     14DU078068

DECISION AND JOURNAL ENTRY

Dated: January 18, 2022

CALLAHAN, Judge.

{¶1} Appellant, A.G., appeals an order of the Lorain County Court of Common Pleas, Domestic Relations Division, that found her in contempt. This Court affirms.

I.

{¶2} Joel Gain and A.G. divorced in 2015 after thirteen years of marriage. They are the parents of two children: R.G., who was twelve years old at the time of the divorce, and A.R.G., who was seven years old. By agreement of the parties, the divorce decree allocated parental rights and responsibilities pursuant to a shared parenting plan. That shared parenting plan provided that the children's principal residence would be with A.G. and that A.G. would be the residential parent for purposes of school enrollment. It also provided that the parties would exercise parenting time on alternating weekends and throughout the week during the school year.

{¶3} On November 20, 2017, Mr. Gain filed a motion to show cause, arguing that A.G. should be held in contempt for denying him parenting time with A.R.G. The motion noted that

"[a]lthough [A.R.G.] was recently a protected party in a Civil Protection Order in Case No. 17DV083178, she was removed as a protected party on or about October 12, 2017." A.G., on the other hand, maintained that "[t]he civil protection order protecting [A.R.G.] continues in place and has not been modified or vacated[]" and asserted that the October 12, 2017, protection order was not final and appealable because it did not address the allegations related to A.R.G., who was a protected person in the ex parte order. A.G. moved to dismiss the contempt proceeding on this basis. While that motion was pending, Mr. Gain filed a second motion to show cause.

{¶4} The motion to dismiss was heard by a magistrate, who issued a decision denying the motion. A.G. filed objections. The trial court overruled them, noting that A.G. had the opportunity to challenge the final civil protection order when it issued by filing objections or appealing to this Court. Having failed to do so, the trial court concluded that A.G. "is now attempting to circumvent the objection/appeal process and obtain a 'second bite at the apple' argument by objecting to a separate Magistrate's Decision that occurred well after the [domestic violence civil] [p]rotection [o]rder was filed under a completely separate case." The motion to show cause proceeded to a hearing, and the parties filed posthearing briefs. In her brief, A.G. argued that she should not be held in contempt because there was a good faith disagreement about the import of the domestic violence civil protection order ("DVCPO"). In the alternative, she argued that it would be inequitable for the trial court to find her in contempt "because of her *bona fide* fear for her daughter's safety[.]" (Emphasis in original.) On October 21, 2019, the magistrate issued a decision concluding that A.G. failed to take any steps to clarify or object to the DVCPO and finding her in contempt by withholding visitation. The trial court entered judgment on the same date pursuant to Civ.R. 53(D)(4)(e)(i), finding A.G. in contempt and

sentencing her to thirty days in jail. The trial court suspended the sentence on the condition that A.G. purge the contempt by adhering to a modified parenting schedule for the next four years.

{¶5} A.G. filed objections to six of the magistrate's findings of fact and six of the magistrate's legal conclusions. The trial court overruled each of A.G.'s objections. A.G. appealed, raising five assignments of error.

II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN FINDING [A.G.] IN CONTEMPT FOR NOT PERMIT[ING] [MR. GAIN] PARENTING TIME WITH A.R.G. DURING THE PENDENCY OF THE DVCPO WHICH PREVENTED HIM FROM HAVING ACCESS TO A.R.G..

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT'S CONCLUSION THAT [A.G.] SHOULD HAVE FILED A "MOTION FOR RECONSIDERATION, A MOTION FOR CLARIFICATIONS OR OBJECTIONS PURSUANT TO RULE 65.1" IS NOT LEGALLY SUPPORTABLE.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT'S JUDGMENT FINDING [A.G.] IN CONTEMPT BASED UPON THE NOVEMBER 20, 2017 MOTION IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND IS OTHERWISE LEGALLY UNSUSTAINABLE.

{¶6} In her first, second, and third assignments of error, A.G. argues that the trial court erred by finding her in contempt because, she maintains, the ex parte DVCPO excused her from complying with the shared parenting plan and made no alternate provision for visitation.[1] Each of these arguments is premised upon A.G.'s position that the October 12, 2017, DVCPO did not

---

[1] A.G.'s assignments of error, as developed in the body of her appellate brief, differ in some respects from those listed pursuant to App.R. 16(A)(3) and Loc.R. 7(B)(3). For purposes of this opinion, this Court references the assignments of error developed in the body of the brief.

resolve the petition with respect to A.R.G. and left the terms of the ex parte protection order in place until it expired. Consequently, this Court must address the import of the DVCPO before turning to each of A.G.'s arguments in turn.

{¶7} This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. Contempt is established when the movant demonstrates the existence of "'a valid court order, knowledge of the order by the defendant, and a violation of the order.'" *Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 12, quoting *State v. Komadina*, 9th Dist. Lorain No. 03CA008325, 2004-Ohio-4962, ¶ 11. When an alleged contemnor asserts the existence of a protection order as a defense to contempt, the circumstances surrounding the issuances of the protection order are relevant to determining the contempt. *See Geary v. Geary*, 5th Dist. Delaware No. 14CA050033, 2015-Ohio-259, ¶ 50 (rejecting a contemnor's argument that the trial court erred by considering the protection order proceedings in the context of a contempt motion). This Court reviews a trial court's finding of contempt for an abuse of discretion. *Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 47, citing *Akin v. Akin*, 9th Dist. Summit Nos. 25524, 25543, 2011-Ohio-2765, ¶ 44, citing *Thomarios v. Thomarios*, 9th Dist. Summit No. 14232, 1990 WL 1777, *2 (Jan. 10, 1990). An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶8} R.C. 3113.31(C)(1) permits any person to file a petition for a DVCPO alleging "that the respondent engaged in domestic violence against a family or household member of the respondent or against a person with whom the respondent is or was in a dating relationship * * * ." A parent may seek relief on behalf of a child. R.C. 3113.31(C); R.C. 3113.31(A)(3)(a)(ii). *Compare A.D. v. K.S.-S.*, 9th Dist. Lorain No. 20CA011628, 2021-Ohio-633. The parties to a DVCPO are, therefore, the petitioner—who may file the petition on behalf of others—and the respondent. *See* R.C. 3113.31(C). The petitioner bears the burden of proving that the alleged protected persons are in danger of domestic violence. *See Felton v. Felton*, 79 Ohio St.3d 34 (1997), paragraph two of the syllabus; *W.B. v. T.M.*, 9th Dist. Lorain No. 19CA011474, 2020-Ohio-853, ¶ 8, citing *Lundin v. Niepsuj*, 9th Dist. Summit No. 28223, 2017-Ohio-7153, ¶ 19. That is the single "claim" at issue in a DVCPO proceeding. *See generally Grable v. Springfield Twp. Bd. of Zoning Appeals*, 9th Dist. Summit No. 18185, 1997 WL 576386, *6 (Sept. 10, 1997) (explaining when multiple claims are present for purposes of Civ.R. 54(B)).

{¶9} If requested, the court must conduct an ex parte hearing on the day that the petition is filed and, following the hearing, "may enter any temporary orders * * * that the court finds necessary to protect the family or household member * * * from domestic violence." R.C. 3113.31(D)(1). The court may also issue any order authorized by R.C. 3113.31(E)(1). If the court issues an ex parte DVCPO, it must then schedule a full hearing on the petition within seven or ten "court days," as determined by the terms of the ex parte order. R.C. 3113.31(D)(2)(a). After conducting a full hearing on the petition, the court "may grant any protection order * * * to bring about a cessation of domestic violence against the family or household members * * * ." R.C. 3113.31(E)(1).

{¶10} With respect to appeal, R.C. 3113.31(G)(1) provides:

An order issued under this section, other than an ex parte order, that grants a protection order or approves a consent agreement, that refuses to grant a protection order or approve a consent agreement that modifies or terminates a protection order or consent agreement, or that refuses to modify or terminate a protection order or consent agreement, is a final, appealable order.

R.C. 3113.31(G)(1) further explains that proceedings to obtain a DVCPO are, as a general rule, conducted in accordance with the Ohio Rules of Civil Procedure. The procedure for referral of a protection order to a magistrate is set forth in Civ.R. 65.1. *V.O. v. S.C.L.*, 9th Dist. Summit No. 29773, 2021-Ohio-683, ¶ 5. According to Civ.R. 65.1(F)(3)(a), a full hearing on a petition referred to a magistrate is conducted by the magistrate, who must then "upon conclusion of the hearing, grant or deny a protection order." The magistrate's order that does so is not a magistrate's order or decision for purposes of Civ.R. 53(D)(2) or (3), which does not apply. Civ.R. 65.1(F)(3)(b). "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). A party may file objections within fourteen days of the court's order, which is final and appealable. Civ.R. 65.1(F)(3)(d)(i); Civ.R. 65.1(G). Objections are a prerequisite to filing an appeal. Civ.R. 65.1(G). *See also V.O.* at ¶ 5.

{¶11} The plain terms of Civ.R. 65.1 require a magistrate to whom a petition for an order of protection has been referred to grant or deny that order—which, in turn, may consist of any of the terms authorized by R.C. 3113.31(E)(1). Neither R.C. 3113.31 nor Civ.R. 65.1 place a heightened requirement of specificity upon the magistrate or the trial court in so doing. Once a trial court has done so, that order is final and appealable as provided by R.C. 3113.31(G)(1).

{¶12} The petition for a DVCPO at issue in this case is not part of the record, but the parties do not dispute that A.G. petitioned the Lorain County Court of Common Pleas for a

DVCPO protecting her, R.G., and A.R.G. A.G., therefore, was the petitioner; Mr. Gain was the respondent. On July 5, 2017, an ex parte DVCPO issued that listed A.G., R.G., and A.R.G. as the protected persons. The ex parte order provided that it would expire on July 5, 2018, but set the petition for a full hearing on July 19, 2017. Following that hearing, which is also not part of the record in this appeal, the trial court granted an order of protection that listed A.G. and R.G. as protected persons. That order was dated October 12, 2017. The order contained specific findings of fact related to the protected persons and provided that it would remain in effect until July 5, 2022.

{¶13} A.G.'s first and third assignments of error argue that the trial court erred by finding her in contempt because the DVCPO did not list A.R.G. as a protected party and the ex parte DVCPO remained in effect as to her until it expired. Specifically, A.G. maintains that the trial court was specifically required to address the allegations involving A.R.G. and, because the ex parte DVCPO with respect to A.R.G. "was never modified, vacated, or set aside, and was fully in effect until July 5, 2018, it was error not to mention fundamentally inequitable to find [A.G.] in contempt for violating an order [that] was clearly superseded and never modified." The trial court, however, resolved A.G.'s petition by granting a protection order using Form 10.01-I, authorized by the Supreme Court of Ohio, which "permits the court of common pleas to define in a concise and standard way the contours of the order of protection in a given case." *Tabatabai*, 2009-Ohio-3139, at ¶ 8. Neither R.C. 3113.31 nor Civ.R. 65.1 required the trial court to take any further action in order to resolve the petition. Consequently, A.G.'s contention that she could not be held in contempt because the petition was partially unresolved and the ex parte order remained in effect until its expiration date is not well taken. Her first and third assignments of error are overruled.

{¶14} A.G.'s second assignment of error argues that the trial court erred by concluding that she did not avail herself of the opportunity to challenge the DVCPO that omitted A.R.G. as a protected party. Specifically, she maintains that because the petition was not resolved with respect to A.R.G., she could not file objections or appeal. As noted above, however, the trial court was required to take no further action to resolve the petition. A.G. and Mr. Gain—the petitioner and the respondent—were the parties to the petition, and the petition asserted a single claim for relief. As such, an appeal to this Court was not prohibited by the terms of Civ.R. 54(B) and, regardless, the DVCPO was appealable as provided by R.C. 3113.13(G)(1). Similarly, Civ.R. 65.1(F)(3)(d)(i) and Civ.R. 65.1(G) permitted A.G. to file objections as a prerequisite to appeal. Accordingly, the trial court did not err by concluding that A.G. had the opportunity to challenge the terms of the DVCPO, and her second assignment of error is overruled.

{¶15} A.G.'s first, second, and third assignments of error are overruled.

### ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT'S FINDING OF CONTEMPT RELATED TO THE JULY 26, 2018 MOTION TO SHOW CAUSE FAILED TO ADDRESS [A.G.'S] GOOD FAITH DEFENSE.

{¶16} A.G.'s fourth assignment of error argues that the trial court abused its discretion by finding her in contempt without considering whether she had a good faith concern that A.R.G. was in danger. This Court does not agree.

{¶17} As an initial matter, A.G. frames her assignment of error in terms of a "good faith *defense*" to contempt charges. (Emphasis added.) This Court has acknowledged that a trial court has the discretion to consider concern for a child's welfare in contempt matters. *Morehart v. Snider*, 9th Dist. Summit No. 24640, 2009-Ohio-5674, ¶ 38. Nonetheless, we have not gone so far as to recognize that such concerns constitute a defense. *Id*. (Noting that the cases upon which

the appellant relied "do not establish a defense to violating a court-ordered visitation schedule; [but] reinforce the idea that the trial court has discretion in these matters."). *See generally State ex rel. DeWine v. Miller*, 194 Ohio App.3d 86, 2011-Ohio-2107, ¶ 12 ("This court and others have held that trial courts may decline to hold a party in contempt, notwithstanding uncontroverted evidence that a court order has been violated."). In so doing, this Court has emphasized that consideration of these matters falls squarely within the trial court's discretion, noting that "[t]he trial court is in the superior position to observe the witnesses and assess their credibility with respect to whether a parent's perceived threat to the child justifies disobeying the visitation order." *Morehart* at ¶ 38.

{¶18} In this case, the trial court correctly concluded that the magistrate did, in fact, consider A.G.'s argument that she should not be held in contempt because of her fear for A.R.G.'s safety. The magistrate made the following findings of fact in that regard:

> 3. Starting in October of 2017, [A.G.] deliberately acted in a manner that resulted in [Mr. Gain's] inability to exercise parenting time with his daughter [A.R.G.].
>
> * * *
>
> 6. [A.G.] home schooled [A.R.G.] because "she didn't want [Mr. Gain] to pick her up[."]
>
> * * *
>
> 11. [A.G.] testified that [Mr. Gain] was diagnosed with a psychiatric condition and in the past he didn't take his medication.
>
> 12. [A.G.] admitted that since the issuance of the [DVCPO], other than in court, she did not have any interaction with [Mr. Gain] and did not know if he was even prescribed any medication.
>
> * * *
>
> 14. The actions of [A.G.] in denying [Mr. Gain] visitation with [A.R.G.] were deliberate and willful.

Ultimately, however, the magistrate rejected A.G.'s argument:

[A.G.] may have believed that she had justification in withholding [A.R.G.]; she may have taken advice from her counsel or ignored counsel's advice. [A.G.] may have possibly made a calculated decision to withhold the child. Whatever the reason for withholding [A.R.G.], [A.G.] was wrong in her actions. A valid court order existed and [A.G.] willfully refused [Mr. Gain] visitation of [A.R.G.] in violation of that order. Clearly she is in contempt.

Because consideration of A.G.'s argument in the first instance was a matter within the trial court's discretion, it follows that the scope of the consideration afforded by the trial court was also a matter of discretion. *See generally Morehart* at ¶ 38-39. A.G., however, has not argued that the trial court erred by rejecting her argument, and because it is apparent that the trial court did, in fact, consider it, her fourth assignment of error is overruled on that basis.

{¶19} A.G.'s fourth assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 5**

THE TRIAL COURT'S AWARD OF ATTORNEY'S FEES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶20} A.G.'s fifth assignment of error asserts, without further elaboration, that "[i]f * * * the findings of contempt are not sustained, then the award of attorney's fees is against the manifest weight of the evidence." A.G. has not developed a manifest weight argument independent of the disposition of her other assignments of error, and this Court declines to develop one on her behalf. *Herron v. Herron*, 9th Dist. Summit No. 29683, 2021-Ohio-2223, ¶ 18, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Having overruled each of A.G.'s previous assignments of error, therefore, this Court must also overrule her fifth assignment of error.

{¶21} A.G.'s fifth assignment of error is overruled.

III.

**{¶22}** A.G.'s five assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

WAYNE R. NICOL, Attorney at Law, for Appellee.